UNITED STATES of America,
Appellant,

v.

Joseph M. MARGIOTTA,
Defendant-Appellee.

No. 1279, Docket 81–1084.

United States Court of Appeals,
Second Circuit.

Argued March 20, 1981.

Decided March 20, 1981.

Opinion April 10, 1981.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y., for appellant.

Daniel J. Hurson, Washington, D. C. (William G. Hundley, Larry S. Gondelman, Washington, D. C., and Edward Hart, Merrick, N. Y., on brief), for defendant-appellee.

Before LUMBARD and NEWMAN, Circuit Judges, and METZNER,* District Judge.

NEWMAN, Circuit Judge:

This interlocutory appeal from an order in a criminal case presents the issue of whether an indictment charging mail fraud is impermissibly duplicitous because it alleges numerous mailings in a single count. The District Court for the Eastern District of New York (Charles P. Sifton, Judge) ordered the Government to select in advance of trial one mailing on which the mail fraud count could go to the jury. From that order the Government appealed. Because of the imminence of the scheduled trial, we announced our decision at the conclusion of oral argument, reversing the District Court's order. This opinion sets forth our reasons.

Defendant Joseph M. Margiotta was at all relevant times the chairman of the Republican Committee of both Nassau County, New York, and the Town of Hempstead, New York. The grand jury indicted Margiotta on one count of mail fraud in violation of 18 U.S.C. § 1341 (1976) and six counts of extortion affecting interstate commerce in violation of 18 U.S.C. § 1951 (1976). The mail fraud count (Count One) alleged a scheme to defraud the Town of Hempstead, Nassau County, and New York State, and their citizens (1) of the right to have the affairs of the Town, County, and State conducted honestly and free from corruption, and (2) of the honest participation of Margiotta in the governmental affairs of the Town, County and State. The crux of the scheme was an arrangement whereby Town and County insurance was placed with an insurance broker (the Williams Agency) and the broker paid portions of his commissions to various persons designated by Margiotta. From 1969 to 1978 the payments are alleged to total more than $500,000, including $5,000 paid indirectly to Margiotta. Count One also alleged that numerous items were

* The Honorable Charles M. Metzner of the United States District Court for the Southern District of New York, sitting by designation. .

mailed in execution of the scheme from 1969 to 1979. The mailings were grouped into seven categories, e. g., "Checks for Insurance Premiums" mailed by Nassau County and Town of Hempstead . to the Williams Agency. In addition the mailing of two specific letters was alleged, identified by dates of each letter and names of the sender and addressee.

By pre-trial motion Margiotta sought dismissal of Count One.[1] He alleged, among other grounds, that Count One failed to state an offense under § 1341, that the count was duplicitous for including more than one mailing, and that the count was unconstitutionally vague. In response to this motion, the Government filed a bill of particulars, signed by the foreman of the grand jury, which reported that the grand jury was providing additional specificity concerning the mailings alleged in Count One. The bill of particulars supplied details for hundreds of separately listed mailings, including dates and names of sender and addressee. It also reported the grand jury's statement that although the mails were used in furtherance of the scheme on "countless" occasions, the grand jury could not be more specific as to which items were mailed and which were not because on occasion some items were hand-delivered, even though the "normal manner of effectuating the transmittal of the items which are specified" was to mail them. .

The District Court ruled that Count One stated an offense, but that a remedy was required because of the allegation of numerous mailings in a single count. Judge Sifton ordered the Government to elect within seven days of his ruling "the single

mailing which the jury will be informed the Government undertakes to prove." The Government was given the option of selecting either one of the two letters specifically described in Count One or a single mailing within any one of the seven categories of mailings described in that count.[2] On motion to reconsider, the Court reemphasized "that there be a single letter that the jury considers and that the case be submitted to it on that ground." The Court advised the Government that if it identified in advance of trial a group of approximately 30 particular letters, and if at trial the Government encountered unanticipated difficulty in proving the facts concerning the one letter it had selected pursuant to the Court's direction, the Court would then "consider" whether under the circumstances then existing the Government could go to the jury on another letter from the group of 30 letters to be designated. The force of the order limiting Count One to a single mailing remained. From that order the Government appealed.

■ Appellate jurisdiction over this interlocutory appeal is asserted under 18 U.S.C. § 3731 (1976), which permits appeal by the United States in a criminal case from an order of a district court "dismissing an indictment or information as to any one or more counts," unless further prosecution is barred by the Double Jeopardy Clause of the Constitution. The Government acknowledges Count One has not been dismissed, but views the situation as governed by *United States v. Alberti*, 568 F.2d 617 (2d Cir. 1977). *Alberti* permitted the Government to appeal pursuant to § 3731 from a trial ruling striking portions of a

---

1. The motion was filed with respect to a prior indictment that was superseded by the pending indictment, which is the subject of the District Court's order and of this appeal.

2. The District Court also appears to have offered the Government an alternative option, though it is not clear whether this option was unconditionally offered or whether it was only a tentative suggestion that might meet some, but not all, of the defendant's complaints. This option would have permitted the Government to select one of the seven categories of generally described mailings and then proceed on the

theory that at least one *unidentified* letter in that category was mailed. However, under this option, the Court warned that the jury would be instructed to acquit if they found that "a particularly identified letter in the category was mailed." Acquittal was said to be required under those circumstances because of prejudicial variance. If such a hazardous option was offered, it does not lessen the Government's entitlement to a ruling on the validity of what appears to be an unqualified order to select and proceed to trial on a single identified mailing.

one-count indictment. *See also United States v. Sanabria*, 548 F.2d 1, 5 (1st Cir. 1976), *rev'd on other grounds*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978), construing "count" in § 3731 to include "any discrete basis for the imposition of criminal liability."

We agree with the Government that each of the mailings is a "discrete basis" of criminal liability and may clearly be considered a count for purposes of § 3731.[3] What is slightly less certain is whether all of the mailings other than the single one that the District Court required the Government to elect have been "dismissed" within the meaning of § 3731. In *Alberti* and *Sanabria*, the order appealed from had ruled portions of a count legally invalid. By contrast, Judge Sifton's ruling in this case implies that every one of the mailings is a valid basis for conviction because it permits the Government to elect to proceed on any one of them. Nevertheless, we conclude that the election the Government was obliged to make would have effectively dismissed all of the mailings other than the one the Government would have selected. Unlike an election for misjoinder of counts, which leaves the Government free to proceed upon the severed counts in a subsequent prosecution, the election here would not have permitted the Government to "sever" each of the other mailings and prosecute them subsequently as separate counts. Since each of the counts thus separated would constitute a separate offense, normally carrying penalties capable of being imposed consecutively, *Albernaz v. United States*, —— U.S. ——, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), a defendant could not be subjected to such liability in the absence of an indictment setting forth multiple counts. The Fifth Amendment assures the defendant that the grand jury will consider how many counts to include in an indictment. A prosecutor could not circumvent this protection by inviting a grand jury to include several offenses in one count and then, after being obliged to elect a single offense, prosecute the other offenses as separate counts. The Government seeks no such authority here. Its characterization of this case as "simply indistinguishable" from *Alberti* (Govt. Br. 17) implicitly recognizes that prosecution for all of the mailings, other than the one selected, has been as effectively barred by Judge Sifton (absent re-indictment) as was prosecution on the portions of the count "struck" by the District Court in *Alberti*. We therefore conclude that Judge Sifton's order is appealable pursuant to § 3731.[4]

■ In assessing the merits, we must set forth additional facts that unfolded during the course of this appeal. At oral argument on March 20, the Government was asked whether it was asserting the right to include within a single count *all* of the letters set forth in the indictment. In response, the Government offered to limit Count One to 50 mailings, to be selected from those previously identified in the grand jury's bill of particulars. On March 24, the Government supplied defendant with a list of 50 mailings, identified as to content, sender, addressee, and approximate date of mailing. Of these 50 mailings, 47 had been identified to appellant on March 18. At oral argument appellant acknowledged that the detail concerning those 47 mailings provided sufficient notice. The three mailings added on March 24 are identified in equal detail. Thus the issue is whether these 50 mailings may be included in a single count.

We have recognized that "[i]f the doctrine of duplicity is to be more than an exercise in mere formalism, it must be invoked only when an indictment affects the

---

**3.** Indeed, the defendant insists that each mailing must be considered and pleaded as a separate count.

**4.** Appealability is not defeated by the fact that the Government sought review before making the election required by Judge Sifton. The order effectively barred prosecution for all mailings other than the one to be selected. The conditional nature of the ruling does not exempt it from § 3731. *Cf. United States v. Cannone*, 528 F.2d 296 (2d Cir. 1975) (conditional order suppressing evidence appealable); *United States v. Battisti*, 486 F.2d 961 (6th Cir. 1973) (same).

policy considerations" that underlie that doctrine. *United States v. Murray*, 618 F.2d 892, 897 (2d Cir. 1980). These include avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution. *Id.* at 896. The identification of these considerations suggests that a single count of an indictment should not be found impermissibly duplicitous whenever it contains several allegations that could have been stated as separate offenses, *e. g., Cohen v. United States*, 378 F.2d 751 (9th Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967), but only when the failure to do so risks unfairness to the defendant. That risk is slight in a case like this where the essence of the alleged wrong is the single scheme to defraud and the various mailings, though they are technically the acts that violate the federal statute, are really the jurisdictional bases for federal prosecution. *See United States v. Blassingame*, 427 F.2d 329 (2d Cir. 1970), *cert. denied*, 402 U.S. 945, 91 S.Ct. 1629, 29 L.Ed.2d 114 (1971) (involving similar statute condemning fraud by wire, 18 U.S.C. § 1343 (1976)).

Margiotta relies on *Bins v. United States*, 331 F.2d 390 (5th Cir.), *cert. denied*, 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87 (1964), which reversed a conviction for submitting false documents in connection with a Federal Housing Administration loan in violation of 18 U.S.C. § 1010 (1976). Rejecting because of duplicity a count alleging submission of two documents, the Fifth Circuit appears to have ruled that any acts capable of being charged as separate offenses must be alleged in separate counts. *Id.* at 393. The Court defined separate offenses as those requiring different evidence, specifically relying on the test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which sets the constitutional limit of the power to define separate offenses for purposes of imposing cumulative punishments. We do not agree that whatever acts the Constitution permits to be punished separately are required to be stated in separate counts, a result that would require exposure to cumulative punishments. In *Bins* the essence of the wrong was the submission of a false document, something that occurred twice. We are not prepared to say that impermissible duplicity occurs even in that situation where the commission of the crime and the means to commit it virtually coalesce. *Cf. United States v. Girard*, 601 F.2d 69 (2d Cir.), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979) (permissible to charge in one count unauthorized sale of distinct government records concerning four individuals in violation of 18 U.S.C. § 641 (1976)). Whether or not we would agree with the result in *Bins*, it does not aid Margiotta; the essence of his alleged crime is carrying out a single scheme to defraud.

With the mailings on which the Government will rely now reduced to a manageable number, their placement in a single count achieves the obvious benefit of limiting the maximum penalties defendant may face if convicted of mail fraud and also avoids the unfairness of portraying the defendant to the jury as the perpetrator of 50 crimes. We anticipate no unfairness to the defendant if the jury, properly instructed, is permitted to convict on Count One upon finding all of the elements of mail fraud established, including the mailing of at least one item in furtherance of the scheme to defraud. If the defendant prefers identification of the one or more actionable mailings the jury finds to have occurred, we see no reason why the District Judge could not submit a special interrogatory upon the defendant's request. Though special verdicts in criminal cases are generally disapproved, *United States v. Adcock*, 447 F.2d 1337, 1339 (2d Cir.) (*per curiam*), *cert. denied*, 404 U.S. 939, 92 S.Ct. 278, 30 L.Ed.2d 252 (1971), the usual prohibition is for the benefit of the defendant, *United States v. Spock*, 416 F.2d 165, 180–83 (1st Cir. 1969). *See also United States v. Stassi*, 544 F.2d 579, 583–

84 (2d Cir. 1976), *cert. denied*, 430 U.S. 907, 97 S.Ct. 1176, 51 L.Ed.2d 582 (1977) (permitting special verdict relevant to sentencing).

■ Finally, defendant urges us to reject the District Court's conclusion that Count One states an offense under § 1341. We lack appellate jurisdiction to consider this aspect of Judge Sifton's ruling on this interlocutory appeal. An appellee may seek to uphold an order appealed from on any available ground in the record, *United States v. American Railway Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 563, 68 L.Ed. 1087 (1924). However, a cross-appeal is required to secure from an appellate court more relief than that granted by the district court. *Ibid.* Judge Sifton's order obliging the Government to elect a single mailing permitted Count One to go to the jury, albeit with a drastic limitation on the number of mailings that could constitute the offense of mail fraud. Defendant's contention that Count One does not state an offense seeks a total dismissal of the count. That relief could be granted only upon a cross-appeal, which is unavailable in connection with interlocutory appeals pursuant to § 3731. *United States v. Swarovski*, 557 F.2d 40, 49 (2d Cir. 1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 796 (1978). We therefore express no views on the sufficiency of Count One.

We dispose of this appeal by reversing the order appealed from and directing that the Government be permitted to include in Count One the 50 mailings identified to the defendant on March 24, 1981.