**UNITED STATES of America,
Appellee,**

v.

**Kevin WALKER, Defendant–Appellant,**

Stephen Brown, also known as David Harrison, also known as Andre Pierre, Troy Jenkins, Defendants.

No. 06–2986–cr.

United States Court of Appeals, Second Circuit.

Nov. 15, 2007.

Benjamin E. Rosenberg, New York, NY, for Appellant.

Walter M. Norkin, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER and Hon. REENA RAGGI, Circuit Judges, Hon. JED S. RAKOFF, District Judge.[1]

### SUMMARY ORDER

Kevin Walker, who was found guilty after a jury trial of two counts of bank fraud in violation of 18 U.S.C. § 1344, appeals his conviction on the grounds that (1) Count One is prejudicially duplicitous, and (2) his sentence is unreasonable. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Duplicity Challenge*

Walker contends that his first count of conviction must be reversed as duplicitous because (a) it alleged schemes to defraud two banks, (b) through multiple executions, (c) without proof of a single, overarching scheme, and (d) without the court instructing the jury that it had to be unanimous as to the particular bank victim and/or execution to return a guilty verdict. *See generally* Fed.R.Crim.P. 8(a) (requir-

---

1. The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

ing a separate count for each offense). The argument is unconvincing.

■ The fact that multiple banks and multiple executions were involved in Count One's fraud scheme was apparent on the face of the indictment. Thus, Walker's failure to raise a duplicity challenge to Count One before trial based on these grounds waived that part of his argument. *See* Fed.R.Crim.P. 12(b)(3)(B) & 12(e); *see also United States v. Viserto*, 596 F.2d 531, 538 (2d Cir.1979).

Even if we were persuaded by Walker's argument that the duplicity of the first count only became apparent at trial when the government argued to the jury that a guilty verdict could be based either on "a single continuing scheme" defrauding both banks, *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir.1989), or on a scheme defrauding only one bank, no reversal would be warranted. The law does not, after all, absolutely proscribe duplicitous pleading because it recognizes that such an inflexible rule could inure to defendants' detriment by "requir[ing] exposure to cumulative punishments." *United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir.1981); *see also United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir.1992). To secure reversal, then, a defendant complaining of duplicitous pleading must show prejudice. *See United States v. Margiotta*, 646 F.2d at 732–33; *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir.2001).

■ Walker claims that he was prejudiced because the general guilty verdict on Count One could have been reached without jury unanimity as to either a single overarching fraud scheme or a scheme involving one particular bank. *See United States v. Margiotta*, 646 F.2d at 733 (noting possible prejudice where general verdict gives rise *inter alia* to unanimity concerns, concealment of not guilty finding as to one or more included crimes, potential

double jeopardy). In support, Walker notes that the trial court instructed the jury generally as to unanimity, failing specifically to charge that a guilty verdict on Count One required the jury "to be unanimous as to either bank, or as to any particular execution of the alleged scheme." Appellant's Br. at 25. Notably, Walker requested no such specific unanimity charge, and he can hardly demonstrate plain error. *Cf. United States v. Sturdivant*, 244 F.3d at 77. The law in this circuit is well established that, when "multiple predicates for guilt [are] offered to substantiate a single count of an indictment, . . . as long as the jury receives a standard instruction as to unanimity, it is not reversible error if a trial judge fails to charge the jury that it must be unanimous as to the specific act that serves as the basis for a guilty verdict." *United States v. Dupre*, 462 F.3d 131, 143 (2d Cir.2006) (collecting cases). Walker submits that such a rule deprives the doctrine of duplicity of any force. We disagree. The rule has no effect on duplicity challenges that are raised at the proper time, *i.e.*, before trial. Furthermore, *Dupre* and the cases it cites clearly signal courts and parties (including defendants) to the "sound practice" of charging unanimity with particularity when multiple transactions serve as the basis for a fraud conviction. *Id.* at 144. But it makes clear that the failure to give such an instruction in a case of duplicitous pleading does not *by itself* cause prejudice sufficient to warrant reversal.

■ In any event, we do not perceive any duplicity in Count One of the indictment, which on its face charged a single scheme and which the government argued as such. The portion of the government's summation to which Walker objects merely argued, correctly, that the jury was not required to find every aspect of the scheme in order to convict, so long as it

found the essential elements of that scheme. *See United States v. Amrep Corp.,* 560 F.2d 539, 546 (2d Cir.1977) (distinguishing the existence of a scheme to defraud from the "means adopted to effectuate that scheme," and holding that the government need not prove every means charged in the indictment so long as "there is sufficient overall proof that the scheme exists" (internal quotation marks omitted)). Accordingly, we reject Walker's duplicity challenge to his conviction.

### 2. *Sentencing Challenge*

Walker claims that his 96–month prison sentence, which was higher than the 57–71 month sentence recommended by the Sentencing Guidelines, was unreasonable because the district court (a) erroneously included an obstruction of justice enhancement, *see* U.S.S.G. § 3C1.1, in his Guidelines calculation; (b) failed to give him notice that it planned to depart from the Guidelines or impose a non-Guidelines sentence; and (c) unreasonably referenced facts already considered by the Guidelines in imposing a higher-than-Guidelines sentence.

■ The first contention merits little discussion. The district court's finding that Walker, in dealing with the court's Pre–Trial Services office as well as his own lawyer, falsely assumed the identity of a then-hospitalized, identically named terminal cancer patient is amply supported by the record evidence. *See United States v. Reed,* 88 F.3d 174, 180 (2d Cir.1996) (providing for clear error review of factual findings). Moreover, we identify no legal error in the court's conclusion that this outrageous subterfuge was perpetrated by Walker with the intent of obstructing his sentencing proceedings, both by delaying (and possibly even avoiding) sentencing and by laying a foundation for sympathy to which he had no claim. These circum-

stances fully warranted the § 3C1.1 enhancement.

■ As for Walker's remaining two sentencing challenges, the parties jointly urge remand, noting that, prior to imposing the challenged 96–month sentence, the district court did not give defendant advance notice of its intent to depart from the applicable Sentencing Guidelines range or to impose a non-Guidelines sentence. One month after the 96–month sentence was pronounced, this court ruled in *United States v. Anati,* 457 F.3d 233, 236 (2d Cir.2006), that the long-standing notice requirement applicable to Guidelines departures, *see Burns v. United States,* 501 U.S. 129, 138–39, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), applies with equal force to the imposition of non-Guidelines sentences. In the three months between *Anati* and the entry of the amended judgment in this case (amended to provide for restitution), Walker never asked the district court to reconsider the pronounced term of imprisonment. The government does not ask us to consider whether, by this inaction, Walker waived his notice objection; rather, it concedes error by the district court and joins in Walker's request for remand. Accordingly, without expressing any view as to the reasonableness of a 96–month sentence in this case, we vacate that sentence and, on consent of the parties, remand this case to afford Walker further opportunity to be heard on the propriety of a Guidelines departure or non-Guidelines sentence.

For the reasons stated, we AFFIRM the judgment of conviction, but we VACATE defendant's sentence and REMAND for further proceedings consistent with this order.