**UNITED STATES of America,
Appellee,**

v.

**Donald ROBINSON, Defendant–
Appellant.**

No. 07–3680–cr.

United States Court of Appeals,
Second Circuit.

Sept. 26, 2008.

---

Marlon Geoffrey Kirton, Law Office of Marlon Geoffrey Kirton, New York, NY, for Appellant.

Michael Q. English, Assistant United States Attorney, (Katherine Polk Failla, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, NY, for Appellee.

Present: Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.*

## SUMMARY ORDER

Donald Robinson appeals from his conviction by a jury of bank fraud, mail fraud, wire fraud, and interstate transportation in stolen securities. The parties' familiarity

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

with the underlying facts, the procedural history, and the issues presented for review is presumed.

Beginning around 1998, Robinson supplied various swindlers with checks or copies of checks from other persons' accounts, which were then counterfeited or otherwise altered and used to obtain funds fraudulently. Although the persons to whom Robinson supplied checks for these purposes changed over time, Robinson continued to purloin checks and supply them to others for fraudulent purposes until the time of his arrest in 2004.

▇▇▇ Robinson first complains that the three fraud counts were "improperly joined." As stated, this contention is frivolous, since Rule 8(a) of the Federal Rules of Criminal Procedure provides that an indictment may join offenses that "are of the same or similar character." Relatedly, Robinson also argues that he was prejudiced by the district court's denial of a severance of offenses under Rule 14(a), an equally frivolous claim. However, as became clear at oral argument, Robinson's real complaint is that each of these counts was duplicitous, in that each count combined Robinson's activities in the late 1990's (when he purloined checks in Washington, DC and supplied them to two brothers named Frljuckic) with his activities in the early 2000's (when he purloined checks while working with two new employers) and in 2004 (when he supplied purloined checks to a Government cooperator named Korac). All of these activities, however, were simply part of Robinson's single continuing scheme, indeed, his ongoing illicit business, of selling copies or originals of purloined checks so that others could use them to fraudulently obtain funds. It does not follow, as Robinson argues, from the difference of the identity of the recipients of the checks in, and the time elapsed between, the earlier and later charged offense conduct, that he was not engaged in a single continuing scheme. Accordingly, there was no duplicitousness. *See United States v. Aracri,* 968 F.2d 1512, 1518–19 (2d Cir.1992); *United States v. Margiotta,* 646 F.2d 729, 732–33 (2d Cir. 1981).

▇▇▇ Robinson next argues that the district court, in admitting certain hearsay statements as statements of co-conspirators in furtherance of a conspiracy, failed to make express findings as to the bases for these determinations. It is well established that the fact that the indictment does not charge a conspiracy does not mean that the Government is precluded from proving a conspiracy, or any other form of agency, in connection with establishing the basis for the admission of hearsay statements made by a co-conspirator in furtherance of the conspiracy. *See United States v. Gigante,* 166 F.3d 75, 82 (2d Cir.1999) (citing *United States v. Orena,* 32 F.3d 704, 713 (2d Cir.1994)). Nor does Robinson contend that the evidence did not warrant a finding that the statements in question, made by Iljmija Frljuckic to his brother Hamdija Frljuckic, who testified to them on the stand, were in furtherance of a conspiracy involving the two Frljuckic brothers and Robinson. He simply argues that the district court failed to make express findings to this effect. There is no such requirement. Indeed, an evidentiary ruling can be upheld on appeal if there is any basis in the record that supports it, whether articulated below or not. *See Millares Guiraldes de Tineo v. United States,* 137 F.3d 715, 719 (2d Cir. 1998) (quoting *Leecan v. Lopes,* 893 F.2d 1434, 1439 (2d Cir.1990)(stating that a court of appeals is "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied")).

▇▇▇ Finally, Robinson complains of various determinations made by the dis-

trict court in connection with his sentence. For one thing, he complains of the district court's determination that the loss intended by him exceeded $400,000, arguing that the actual losses in excess of this amount were not reasonably foreseeable to him. But we find no error in the district court's careful and detailed findings to the contrary. Next, Robinson argues that the district court's order that he pay $582,988 in restitution did not take adequate account of his current financial condition. But, in fact, the court was barred by statute from so doing. *See* 18 U.S.C. § 3664(f)(1)(A). Finally, in his most remarkable argument of all, Robinson complains that the court's sentence of 51 months' imprisonment was substantively unreasonable because it did not take adequate account of the fact that his "international upbringing" made him "too trusting of the goodness of others." We are confident that the able district court gave this argument all the attention it deserves.

We therefore AFFIRM the judgment of the district court.