SUMMARY ORDER
Defendant Kevin Walker appeals from an amended judgment of conviction, entered on March 14, 2008, re-sentencing him principally to 96 months’ imprisonment. In October 2005, defendant was convicted of two counts of bank fraud in violation of 18 U.S.C. §§ 1344(2) and 3551. In November 2007, another panel of our Court affirmed the conviction in an unpublished summary order, but vacated a prior sentence of 96 months’ imprisonment because the District Court had not provided defendant with notice of its intent to depart upward from the recommended sentencing range under the United States Sentencing Guidelines (“U.S.S.G.” or “Guidelines”) — 57 to 71 months. See United States v. Walker, 254 Fed.Appx. 60, 63 (2d Cir.2007). On remand, the District Court held a new sentencing hearing and re-sentenced Walker to the same term of imprisonment. We assume the parties’ familiarity with the underlying facts and procedural history of this case.
On appeal for the second time, defendant argues that the District Court erred (1) by not adequately explaining in its written explanation its reasons for an upward departure as required by 18 U.S.C. § 3553(c)(2); (2) by relying on the same facts as a basis for both a Guidelines enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, and an upward departure pursuant to U.S.S.G. § 5K2.0; and (3) by imposing a sentence that was “greater than necessary” to accomplish the purposes of sentencing, in violation of 18 U.S.C. § 3553(a).
“After [United States v.] Booker, assuming the sentence is not based on a misunderstanding of the Guidelines, we will vacate a sentence only if it is unreasonable.” United States v. Reyes, 557 F.3d 84, 88 (2d Cir.2009). Our review of a sentence for reasonableness — whether procedural or substantive — is akin to review under an abuse-of-discretion standard. See United States v. Sanchez, 517 F.3d 651, 660 (2d Cir.2008); cf. Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) (“A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.” (citations and internal quotation marks omitted)).
In light of the record before us, we find nothing unreasonable in the District Court’s imposition of a 96-month prison term. First, the District Court’s written explanation for the upward departure in this case complied with 18 U.S.C. § 3553(c)(2), which requires a sentencing court to explain “the specific reason for the imposition of a sentence different from that described [by the Guidelines], which reasons must also be stated with specificity *60 in the written order of judgment and commitment.” In this case, the District Court wrote that “[t]he absence of remorse and the need to incapacitate, taken together with the defendant’s audacious scheme to perpetrate a fraud on the court during the sentencing phase, warrant an upward departure pursuant to [U.S.S.G. § ] 5K2.0.” Nothing more is required under 18 U.S.C. § 3553(c)(2). See United States v. Hall, 499 F.3d 152, 155 (2d Cir.2007) (requiring a “simple summary of facts,” not an “exhaustive statement”).
Second, we detect no impermissible “double counting” of facts in defendant’s sentence. See United States v. Mortis, 350 F.3d 32, 37 (2d Cir.2003) (“[A]s long as the court does not augment a sentence in contravention of the applicable statute or Sentencing Guideline, no forbidden double counting occurs.” (internal quotation marks omitted)). In the instant case, the applicable Guideline expressly authorized an upward departure where “there exists an aggravating circumstance, of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.” U.S.S.G. § 5K2.0(a)(l)(B). As explained below, the kind and degree of defendant’s obstruction of justice amply justified the District Court’s upward departure.
Third and finally, we cannot agree with defendant that 96 months’ imprisonment was “greater than necessary” to accomplish the purpose of sentencing, as explained in 18 U.S.C. § 3553(a). Defendant’s “monstrous,” “ghoulish,” and “audacious” conduct while awaiting sentencing — to borrow the apt words of the District Court — is truly appalling. J.A. 76, 104. Specifically, defendant assumed the identity of a different Kevin Walker, who was dying of terminal cancer at Calvary Hospital in the Bronx, in a failed effort to convince the Bureau of Prisons and the District Court that he should be spared imprisonment. Adding insult to injury, he professed at the March 14, 2008 re-sentencing hearing merely to have “exaggerated” the extent of his preexisting medical condition. J.A. 97. In truth, defendant was never suffering from, much less dying from, cancer. His ongoing propensity for fraud, his contempt for the courts, and his callous imposition on a dying man with the same name fully support an upward departure.

CONCLUSION

For the foregoing reasons, we AFFIRM the March 19, 2008 amended judgment of conviction.