09-4765-cr
USA v. Jenkins (Chaux)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

     At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand eleven.

Present:     JOHN M. WALKER, JR.,
             CHESTER J. STRAUB,
             ROBERT A. KATZMANN,
                         *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v. -                          No. 09-4765-cr

PAUL ALLEN JENKINS, JUAN RIOS, also known as
JUAN CHO, SHANNON FORRESTER,

                    *Defendants*,

ANA JULIET CHAUX,

                    *Defendant-Appellant.*

_____

For Defendant-Appellant:              LAWRENCE GERZOG, New York, NY

For Appellee:                              WILLIAM D. SARRATT, Assistant United States
                                           Attorney (Peter A. Norling, Assistant United
                                           States Attorney, *on the brief*), *for* Loretta E.
                                           Lynch, United States Attorney for the Eastern
                                           District of New York, Brooklyn, NY


Appeal from the United States District Court for the Eastern District of New York (Korman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Ana Juliet Chaux ("Chaux") appeals from a judgment of conviction in the United States District Court for the Eastern District of New York (Korman, *J.*), entered October 29, 2009, following a jury trial, for conspiracy to import heroin, in violation of 21 U.S.C. § 963; importation of heroin, in violation of 21 U.S.C. § 952(a); and conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846.  The district court sentenced her principally to 108 months of imprisonment.  On appeal, Chaux argues that the indictment was impermissibly duplicitous because there was insufficient evidence that one instance of heroin importation in 2003 and another in 2007 were part of a single conspiracy, as charged in the indictment.  We assume the parties' familiarity with the facts and procedural history of the case.

"An indictment is impermissibly duplicitous where:  1) it combines two or more distinct crimes into one count in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be 'a separate count for each offense,' and 2) the defendant is prejudiced thereby."  *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001).  Policy considerations underlying the doctrine of impermissible duplicity are

2

uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution.

*United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981).

The Government carries the burden of establishing the conspiracy as charged in the indictment, and, on appeal, this Court's "task . . . is to determine . . . whether, viewing the proof in the light most favorable to the Government, there was sufficient evidence to permit the jury to find the single conspiracy alleged." *United States v. Taylor*, 562 F.2d 1345, 1351 (2d Cir. 1977). In this Circuit, "acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989). Thus, "[a]s long as the essence of the alleged crime is carrying out a single scheme to defraud," then there is no harm in aggregating the offenses in a single count. *Id.* A "single conspiracy is not transformed into multiple conspiracies merely by virtue of the fact that it might involve two or more phases or spheres of operation." *United States v. Berger*, 224 F.3d 107, 114-15 (2d Cir. 2000) (internal quotation marks omitted).

After a careful review of the record, we conclude that, when viewed in the light most favorable to the Government, the evidence introduced at trial is sufficient to establish a single conspiracy, and thus Chaux cannot show that the indictment was duplicitous. Even assuming, *arguendo*, the evidence was insufficient, we find no risk that the jury may not have been unanimous in their finding of guilt as to Chaux's participation in 2007 in the charged conspiracy. *See Margiotta*, 646 F.2d at 733. Nor was Chaux prejudiced by the district court's admission of

3

evidence of the heroin importation in 2003 under Federal Rule of Evidence 403, because the same evidence would also have been admissible under Federal Rule of Evidence 404(b) to demonstrate "proof of motive, opportunity, intent, preparation, plan, knowledge, [or] identity." FED. R. EVID. 404(b).  Therefore, the district court did not err in denying Chaux's motion to dismiss on grounds of duplicity.

We have considered Chaux's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE,

CLERK