14-2928-cr
*United States v. Kurniawan*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand fifteen.

PRESENT:   PIERRE N. LEVAL,
           JOSÉ A. CABRANES,
           RAYMOND J. LOHIER, JR.,
                   *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*                      No. 14-2928-cr

        v.

RUDY KURNIAWAN, AKA Dr. Conti,

        *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR RUDY KURNIAWAN:** | JEROME H. MOONEY (John H. Weston *on the brief*), Weston, Garrou & Mooney, Los Angeles, CA (Vincent S. Verdiramo, Verdiramo & Verdiramo, P.A., Jersey City, NJ, *also on the brief*). |
| **FOR UNITED STATES OF AMERICA:** | HAGAN SCOTTEN (Stanley J. Okula, Jr., *and* Karl N. Metzner *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, |

1

United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Following a jury trial, defendant-appellant Rudy Kurniawan ("Kurniawan") was convicted of one count of mail fraud, in violation of 18 U.S.C. § 1341, and one count of wire fraud, in violation of 18 U.S.C. § 1343, arising from fraudulent schemes to sell rare and expensive counterfeit wine, and to obtain a loan by making materially false statements to the lender. Kurniawan was sentenced principally to 120 months' imprisonment. The District Court entered judgment against him on August 7, 2014. This appeal followed.

On appeal, Kurniawan argues that (1) the warrantless search of his home following his arrest violated his Fourth Amendment rights, and the District Court erred by refusing to suppress the fruits of that search; (2) the District Court erred by refusing to dismiss count one of the superseding indictment, which alleged mail fraud, because the count was impermissibly duplicitous; and (3) his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below, we reject Kurniawan's arguments as meritless.

**A.**

First, Kurniawan argues that the warrantless search of his home following his March 8, 2012, arrest violated his Fourth Amendment rights. He further argues that the District Court should have suppressed the fruits of that search, including evidence later obtained pursuant to a search warrant that was issued in part based on evidence observed during the warrantless search. "When examining a ruling on a motion to suppress, we review the district court's factual findings for clear error and its conclusions of law *de novo*, viewing the evidence in the light most favorable to the prevailing party." *United States v. Awadallah*, 349 F.3d 42, 71 (2d Cir. 2003) (internal quotation marks omitted).

We assume, as the District Court did, without deciding, that the March 8, 2012, protective sweep of Kurniawan's home following his arrest was illegal, *see United States v. Kurniawan*, No. 12-cr-00376-RMB, 2013 WL 180412, at *1 & n.1 (S.D.N.Y. Jan. 17, 2013), and therefore that the evidence observed in plain view by agents during the sweep should not have been included in the subsequent search-warrant affidavit submitted by Agent Farache, *see United States v. Trzaska*, 111 F.3d 1019, 1026 (2d Cir. 1997). *See generally* A-165, 173–74 (detailing evidence observed in plain view during protective sweep). But we nonetheless agree with the District Court that, after excising from the

2

Farache affidavit the evidence officers observed in plain view during the protective sweep, there was still probable cause to issue the search warrant.[1]

Indeed, the remaining, untainted information in the affidavit suggested that there was a fair probability that evidence of the alleged counterfeit-wine scheme would be found at Kurniawan's home.[2] The affidavit and complaint attached thereto detailed, among other things, two alleged schemes by which Kurniawan used the mail and wires in an attempt to sell rare and expensive counterfeit Burgundy wines at auction, one in April 2008 and one in February 2012. JA-41, 169–72. The affidavit cited evidence that Kurniawan had "collected the materials needed to make counterfeit bottles of wine over the course of several years," including "empty authentic bottles of wine which can be refilled with wine of a lesser quality," JA-172, which officers learned about by reviewing Kurniawan's e-mails and by interviewing a sommelier who had shipped Kurniawan empty bottles. JA-77–79, 172–73. Kurniawan had also purchased "specialty paper that is used for its antique appearance, which can be used to make wine labels appear[] to be aged," as well as "large quantities of glue which is used to affix labels to bottles," and "inkpads which are used to apply ink to rubber stamps that can be used to stamp the vintage on a bottle of wine," JA-172–73, which officers learned about by reviewing purchase records at art-supply stores and an office-supply store, JA-79. Although this evidence dated back to 2004–2007, JA-77–79, the record evidence permitted the inference that the alleged February 2012 scheme involved similar counterfeiting materials. Indeed, "[t]he labels on several of the bottles [consigned for auction in the alleged February 2012 scheme] contained inaccuracies, such as misspellings, incorrect accent marks, [and] missing accent marks, that would not have appeared on genuine labels," JA-172, suggesting "continuing conduct," *United States v. Gallo*, 863 F.2d 185, 192 (2d Cir. 1988). The affidavit further demonstrated that, if Kurniawan still possessed the alleged counterfeiting materials, he likely would have maintained them at his home, where he had recently been conducting business, A-180, and where, according to the District Court's finding, which was not clearly erroneous, officers had observed Burgundy wine bottles in plain view earlier in the day (but prior to the protective sweep), *see Kurniawan*, 2013 WL 180412, at *6; JA-173, 255, 258.

---

[1] The parties agree that the inclusion of tainted evidence in an affidavit does not by itself taint the warrant so long as the remaining, untainted evidence provided probable cause. *See* Def. Br. 27–28; Gov't Br. 14; *see also Awadallah*, 349 F.3d at 68 ("While the mere inclusion of tainted evidence in an affidavit does not, by itself, taint the warrant or the evidence seized pursuant to the warrant, the court should excise the tainted evidence and determine whether the remaining, untainted evidence would provide a neutral magistrate with probable cause to issue a warrant." (internal quotation marks and brackets omitted)); *Trzaska*, 111 F.3d at 1026.

[2] *See United States v. Martin*, 426 F.3d 68, 74 (2d Cir. 2005) ("A judge's probable-cause determination is not overly strict. Presented with a warrant application, the judge must simply make a *practical*, *common-sense decision* whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a *fair probability* that contraband or evidence of *a* crime will be found in a particular place." (internal quotation marks and alterations omitted)).

Accordingly, we agree with the District Court that, after excising from the Farache affidavit purportedly tainted evidence discovered during the protective sweep, the remaining, untainted evidence would have provided a neutral magistrate with probable cause to issue the search warrant. *See Awadallah*, 349 F.3d at 68. Thus, we need not reach the questions of whether the protective sweep was unlawful, and, if so, whether the officers acted in good-faith reliance on the resulting search warrant.

**B.**

Second, Kurniawan argues that the District Court should have dismissed count one of the superseding indictment, alleging mail fraud, because it was impermissibly duplicitous. We disagree. "We have held that '[a]n indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be a separate count for each offense, and 2) the defendant is prejudiced thereby.'" *United States v. Vilar*, 729 F.3d 62, 79 (2d Cir. 2013) (quoting *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001) (internal quotation marks omitted)). But "this court has long held that acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme." *United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006) (internal quotation marks omitted). Here, Kurniawan's alleged string of mailings in furtherance of his scheme to defraud wine collectors by selling them counterfeit wine, JA-91–102, 481–91, "could be characterized as part of a single continuing scheme," *Olmeda*, 461 F.3d at 281 (internal quotation mark omitted). And in any event, based on the record before us, we are unconvinced that Kurniawan was prejudiced by the purported duplicity. *Cf. United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981) (no unfairness to defendant anticipated where multiple mail fraud offenses in single scheme to defraud were included in a single count of an indictment).

**CONCLUSION**

We have considered the defendant-appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the August 7, 2014, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4