■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GREEN, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J., at identification hearing; Howard E. Bell, J., at trial), rendered May 29, 1990, convicting defendant after a jury trial of criminal sale of a controlled substance in the second and third degrees, and sentencing him to concurrent terms of imprisonment of 8 years to life, and 8

to 16 years, respectively, and an order of the trial court, entered April 7, 1992, which denied defendant's CPL 440.10 motion, unanimously affirmed.

At the conclusion of the hearing on defendant's motion to suppress the identification testimony of the undercover officer, the court ruled that the failure to preserve the pictures used in the array created a rebuttable presumption that the array was suggestive, but also determined that the testimony of the officer who conducted the proceeding was sufficient to overcome the presumption. At the trial, the undercover officer testified that defendant participated in two sales, on March 30 and 31, 1989. The officer further testified that he first met defendant on March 28, 1989, and that he saw defendant three more times, on April 11, 25, and 27, 1989, before he identified him in the lineup that was conducted on August 11, 1989.

Contrary to defendant's claim on appeal, the hearing court properly denied his motion to suppress. We find that the evidence at the identification hearing rebutted the presumption. The testimony offered by the officer who conducted the procedure, taken together with the participation of a trained undercover officer in the two transactions giving rise to the indictment (see, People v Wharton, 74 NY2d 921), is a sufficient basis to conclude that the procedure was not unduly suggestive. Accordingly, we find no need to reach defendant's arguments regarding independent source.

Also we find that the record rebuts defendant's claim that trial counsel was foreclosed from exploring issues of his right to counsel at the lineup. While the record establishes that counsel broached the subject, the record further establishes that counsel agreed with the court's view that suggestiveness, not the right to counsel, was the focus of the hearing. In any event, there is no merit to the argument that it was likely that defendant demanded that his assigned lawyer attend the lineup. He did not make this claim when he testified.

We have considered the other contentions raised by counsel, and defendant's pro se claims, and find them meritless. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Kassal, JJ.