**Richard GREEN, Petitioner,**

v.

**C. ARTUZ, Superintendent, Green Haven Correctional Facility, Respondent.**

No. 95 Civ. 2603(HB).

United States District Court, S.D. New York.

Jan. 8, 1998.

Richard Green, Stormville, NY, pro se.

## OPINION AND ORDER

BAER, District Judge.[1]

Petitioner Richard Green ("Green"), *pro se*, petitions this court pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus to challenge the lawfulness of his incarceration. Petitioner also moves for discovery pursuant to Rule 6 of the Federal Rules Governing Section 2254 Cases. For the reasons set forth below, petitioner's motion for discovery is denied, petitioner's writ of habeas corpus is denied, and his petition is dismissed.

### I. *Background*

This case arises out of a lengthy undercover "buy and bust" operation that occurred in March and April of 1989, in which Undercover Officer Richard Bert ("Officer Bert") purchased large quantities of "crack" cocaine from petitioner and co-defendant Kevin Rivers. Green was indicted by a Grand Jury for Criminal Sale of a Controlled Substance in the Second and Third Degrees on April 4, 1990, and after having been tried by a jury, petitioner was convicted of these counts. On May 29, 1990, he was sentenced to concurrent indeterminate terms of imprisonment of eight years of eight years to life on the Second Degree count, and eight to sixteen years on the Third Degree count. Green contends that he was framed because he refused to cooperate in the case against his co-defendant Kevin Rivers.

On November 9, 1990, Green moved *pro se* for post-judgment relief pursuant to N.Y.

CPL § 440.10, and on November 16, 1990, that motion was denied in all respects. The court denied petitioner's application for leave to appeal that denial on May 16, 1991. On January 17, 1992 Green filed a second *pro se* § 440.10 motion, claiming that the prosecutor had given no legal instructions to the Grand Jury, that statements of a non-testifying police officer should have been disclosed as *Rosario* material and that his attorney provided ineffective assistance of counsel. On April 7, 1992, petitioner's second § 440.10 motion was denied in all respects.

On August 20, 1992, Green was granted permission to appeal from the denial of his second § 440.10 motion, which appeal was consolidated with his direct appeal. In his direct appeal, petitioner claimed the hearing court was in error in denying his motion to suppress identification testimony, and additionally asserted the same claims raised in his second § 440.10 motion. On December 15, 1992, the Appellate Division affirmed Green's conviction, *People v. Green*, 188 A.D.2d 385, 591 N.Y.S.2d 175 (1st Dep't 1992), and on February 12, 1993, the Court of Appeals denied his application for leave to appeal. *People v. Green*, 81 N.Y.2d 840, 595 N.Y.S.2d 739, 611 N.E.2d 778 (1993).[2] Petitioner filed an amended habeas petition in the instant matter on May 9, 1995, which petition was further amended on December 11, 1996 to add an additional ground for relief regarding the failure to disclose certain *Rosario* material.

### II. *Discussion*

In his petition, Green claims that his conviction was obtained as a direct result of the following alleged constitutional and due process violations: (1) that the pre-trial identification procedures were unduly suggestive and as a result, the identification at trial was unreliable and denied petitioner a fair trial; (2) that he was denied effective assistance of counsel at trial and at the appellate stage; (3) that he was denied due process of law due to the lack of grand jury instructions; and

---

1. John Henderson, a second year student at Brooklyn Law School, assisted in the research of this decision.

2. Petitioner filed another *pro se* CPL § 440.10 motion dated March 31, 1994, in which he ar-

gued that the Prosecution failed to turn over *Rosario* material, specifically notes of Officer Bert.

(4) that he was denied *Rosario* material, and was thus denied due process of law.[3]

## A. Motion for Discovery

Petitioner seeks discovery of certain materials he claims is necessary to this Court's decision on his habeas petition. Rule 6(a) of the Rules Governing Section 2254 Cases provides that a party is entitled to discovery in a habeas petition "if, and to the extent that, the judge in the exercise of his [or her] discretion and for good cause shown grants leave to do so, but not otherwise." As stated in the Advisory Committee Notes, "[I]t is clear that there was no intention to extend to habeas corpus, as a matter of right, the broad discovery provisions...of the new [Federal Rules of Civil Procedure]." Rule 6, Advisory Committee Notes (quoting *Harris v. Nelson*, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969))(alterations in original).

■ Green seeks a variety of material from the proceedings relating to his state court conviction, which he claims is relevant primarily to his ineffective assistance of counsel claim. Specifically, Green seeks transcripts of various calendar calls and arraignment proceedings relating to his appearances in state court in 1989, a copy of motions to dismiss the indictment filed by his counsel. *See* Aff. of Richard Green. He asserts that the requested records will show malfeasance by his trial counsel, as well as the police and the court in the state court proceedings. He contends that these documents will show that his first counsel withdrew his notice to testify before the Grand Jury without his consent, and that his subsequent counsel did not advise him that a hearing was being held.on his motion to dismiss the indictment. However, generalized statements about the possible existence of materi-

al do not constitute "good cause." Rather a petitioner must produce specific evidence that supports his claim that the requested material exists. *See Munoz v. Keane*, 777 F.Supp. 282, 287 (S.D.N.Y.1991), *aff'd sub nom., Linares v. Senkowski*, 964 F.2d 1295 (2d Cir.1992). Here petitioner has failed to produce specific evidence that the requested material will show misconduct by counsel (and others) and thus has not shown good cause for this discovery.[4] Moreover, as discussed below, even if petitioner's contentions regarding counsel's conduct are true, this would not warrant habeas relief. Green's motion for discovery is therefore denied.

## B. Identification Testimony

Prior to Green's arrest, he was picked out of photo array by Officer Bert, and was later picked out of a line-up by Officer Bert. Officer Bert subsequently identified petitioner at trial as one of the individuals who sold him crack cocaine. Petitioner claims that the procedures utilized by the state in procuring his identification by Officer Bert were impermissibly suggestive and that he was therefore deprived of due process of law.

■ It is well established that a federal court is limited on habeas review to a determination of whether a challenged trial court ruling involves an error of constitutional magnitude; federal habeas relief does not lie for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). "Issues regarding the admissibility of evidence in state court concern matters of state law and are not subject to federal review unless the alleged errors are so prejudicial as to constitute fundamental unfairness." *McCray v. Artuz*, 1994 WL 603057 at *2 (S.D.N.Y. Nov.3,

---

**3.** In his traverse, petitioner requests that this Court disregard the grounds raised by his appellate counsel on appeal and only rely on the grounds raised by petitioner in his *pro se* post-conviction motions. Since it is unclear precisely which grounds petitioner proposes to withdraw from the instant petition and since petitioner has not been granted permission to amend his petition since the December·11, 1996 amendment, I will address all of the grounds contained in Green's petition filed on May 5, 1995, as amended on December 11, 1996.

**4.** Petitioner also requests a copy of Officer Bert's memo book and notes for drug sales and contends that these notes will show his innocence of the charge. This conclusory allegation is insufficient to warrant discovery. Moreover, as discussed, *infra*, Officer Bert's notes regarding the drug sales in March, 1989 were lost, and Bert's other notes regarding sales in April, 1989 were disclosed to Green prior to trial.

1994). Thus, a petitioner seeking habeas relief from an allegedly erroneous evidentiary ruling has the burden of establishing that the trial court's error constituted a deprivation of a constitutionally recognized right. *Rosario v. Kuhlman,* 839 F.2d 918, 924–25 (2d Cir.1988).

■■■ I find that Green was afforded all due process rights in the pre-trial review of the identification procedures and that the trial court's admission of the identification testimony at trial was not a deprivation of Green's constitutional rights. In general, a pretrial photographic identification procedure violates due process if the procedure is so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Jarrett v. Headley,* 802 F.2d 34, 40–41 (2d Cir.1986). A suppression hearing was held before the Honorable Herbert Altman, one of New York State's most experienced and respected trial judges, pursuant to CPL § 710.30(1)(b), which specifically addressed the suggestiveness of petitioner's identification. Justice Altman made the factual findings that both the photo array and the line-up consisted of males of the same race as petitioner, and of similar age and appearance.[5] Justice Altman therefore found that both the photo array and the line-up were not impermissibly suggestive. This ruling and the subsequent admission of the identification testimony at trial was entirely proper. *See U.S. v. Brewer,* 768 F.Supp. 104, 106 (S.D.N.Y.1991)(where photo array depicted black males of approximately the same age, with similar features it was not impermissibly suggestive). Thus, Green has failed to establish that the trial court's ruling constituted a deprivation of a constitutionally recognized right.[6]

## C. Ineffective Assistance of Counsel

Petitioner alleges that he was denied effective assistance of counsel when counsel failed to (1) advise him that he was withdrawing his notice to testify before the Grand Jury and failed to advise him that a hearing was to be held on the motion to dismiss the indictment, (2) failed to seek sanctions for the loss of *Rosario* material, and (3) failed to argue on appeal that his conviction was faulty because the State failed to prove that he knew the weight of the drugs.

■■■ In order to prevail on a claim of ineffective assistance of counsel, petitioner must (i) show that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms"; and (ii) affirmatively prove prejudice. *Strickland v. Washington,* 466 U.S. 668, 687–88, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong of this test, a court " 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.' " *United States v. Aguirre,* 912 F.2d 555, 560 (2d Cir.1990)(quoting *Strickland,* 466 U.S. at 689.). Under the second prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994), *cert. denied,* 513 U.S. 820, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994).

### 1. The Grand Jury Issue

At Green's arraignment on August 27, 1989, his attorney, Richard Davis, served a grand jury notice upon the District Attorney. On August 30, 1989, Davis withdrew this notice, indicating that petitioner was not going to testify before the Grand Jury. The

---

5. In a habeas proceeding, a determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1).

6. Petitioner also argues that he was denied due process of law because counsel was not present at the line-up. Am. Petition, Ground I, C. Petitioner was not indicted until after he was identified at the line-up. It is well established that an accused does not have a Sixth Amendment right to counsel prior to the State's commencement of formal adversarial proceeding against him. *Boyd v. Henderson,* 555 F.2d 56, 61 (2d Cir. 1977), *cert. denied,* 434 U.S. 927, 98 S.Ct. 410, 54 L.Ed.2d 286 (1977). Accordingly, this argument is without merit.

petitioner was subsequently indicted. The petitioner's new attorney then moved to dismiss the indictment and the trial court ordered an investigatory hearing on the issue. On December 7, 1989, a hearing was to be held on this motion; however, with the district attorney and petitioner's new counsel present, petitioner stated that he refused to participate in the proceedings and walked out of the courtroom. As such, the trial court ruled the petitioner had waived his right to the hearing on his motion to dismiss the indictment. *See* Affidavit of John Barry, Exh. D.

Petitioner contends that his original attorney did not inform him that he was withdrawing the notice to testify and made this decision without his consent. He also contends that his subsequent attorney told him the motion to dismiss the indictment had already been denied and did not tell him a hearing was to be held on this motion on December 7th. Green claims he was told the December 7th proceeding concerned pre-trial motions, which he did not wish to be present for and therefore left the courtroom.

■ With respect to Davis's conduct in withdrawing the grand jury notice, it is undisputed that Davis consulted with petitioner regarding his Grand Jury testimony, and that the two disagreed on whether petitioner should testify. *See* Pet's Mem. in Opp. at 2. Petitioner contends that Davis withdrew the grand jury notice without his consent. Assuming this is true, this alone would not establish that Davis's conduct fell below an objective standard of reasonableness. *See People v. Hamlin*, 153 A.D.2d 644, 544 N.Y.S.2d 859 (2d Dep't 1989)(counsel's failure to comply with defendant's desire to testify before Grand Jury would not alone amount to a denial of effective assistance of counsel). The right to testify before a grand jury is a state statutory right, and is not of constitutional dimension. *See Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir.1989). Had petitioner testified at the Grand Jury, the prosecution would have been entitled to cross examine him with respect to his seven prior criminal convictions, as well as his open assault case, potentially damaging his case at trial. Thus, counsel made a strategic decision as to petitioner's testifying before the Grand Jury after consulting with petitioner, which decision I find was reasonable.[7]

■ As to petitioner's claim that his subsequent attorney failed to notify him of the hearing on his motion to dismiss the indictment, petitioner admits that he walked out of the courtroom on December 7th, but contends he did this because he did not know that there was to be a hearing on the motion to dismiss the indictment. Even assuming Green's assertion is true, he has failed to show prejudice from counsel's actions. It is highly improbable that the outcome of the motion would have been different had petitioner remained in the courtroom. Although Justice Bell found that petitioner had waived his right to a hearing on the motion, he also found that there was ample evidence of actual communication of the grand jury waiver by petitioner's first attorney to petitioner. Exh. D, Aff. of John Barry.[8]

### 2. Trial Errors

■ Petitioner also asserts that he was denied effective assistance in his trial counsel's failure to seek sanctions for missing *Rosario* material, specifically notes regarding drug transactions in March, 1989, which Officer Bert testified at trial that he had lost. At the trial, petitioner's counsel elicited a full explanation as to the whereabouts of purportedly missing notes from Officer Bert. Officer Bert testified that he placed his notes regarding the March, 1989 drug transactions in his locker after he wrote them and used them in his buy report. The notes were subsequently lost after Officer Bert was shot

---

7. Moreover, given defendant's criminal history, it is unlikely that the outcome would have been different had defendant testified before the Grand Jury.

8. To the extent that petitioner is arguing that he was deprived of his right to testify before the grand jury, independently of his ineffective assistance of counsel claim, this claim fails because the right to testify before a grand jury is purely a state statutory right, and does not rise to a Constitutional level. Thus, claims of deficiencies in a state grand jury proceeding are not cognizable in a federal habeas petition. *See Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir.1989).

in the line of duty in this case, while Bert was in the hospital.[9] Given the reasonable explanation for the loss of notes and the fact that they had been used in the writing of the buy report, petitioner in my view has failed to show prejudice from counsel's actions. It is highly unlikely that the verdict would have been impacted had an adverse inference charge been given by the court.

### 3. Appellate Counsel

Finally, petitioner argues that his appellate counsel was ineffective for his failure to raise the issue that petitioner's trial counsel was deficient in allowing petitioner to be convicted of Criminal Sale of a Controlled Substance in the Second Degree, without any proof that petitioner knew the weight of the drugs. However, at the time of petitioner's trial, proof of knowledge of weight was not a necessary element to be proven for Criminal Sale of a Controlled Substance in the Second Degree.[10] Thus, trial counsel and appellate counsel acted appropriately on this score.

### D. Grand Jury Instructions

Petitioner argues that the State failed to adequately instruct the Grand Jury. However, in compliance with CPL § 190.25, petitioner has never been provided with the minutes of the legal charge relating to the indictment and this allegation is therefore without any factual basis. Moreover, the Grand Jury minutes were reviewed at the trial stage by the Honorable Justice Bell who found that there was sufficient evidence to sustain the indictment. Aff. of John P. Barry, Exh. C. Thus, this argument is without merit.

### E. Rosario Material

#### 1. Testimony of Sergeant Hanken

Petitioner claims that he was prejudiced at the Wade hearing due to the People's failure to turn over Rosario material. He claims that Grand Jury testimony by a Sergeant Hanken should have been turned over at the Wade hearing. However, since Sergeant Hanken was not a witness at the Wade hearing, any prior testimony by him need not have been turned over at the hearing. See CPL § 240.44(1)(state is required prior to cross-examination of their witness to provide a copy of any written or recorded statement including any testimony given before the Grand Jury, made by that witness relating to the subject matter of the witness's testimony). (Sergeant Hanken also did not testify at Green's trial, although Green received the minutes of Hanken's Grand Jury testimony prior to trial and thus became aware of their existence.) In any event, the failure to turn over Rosario material is not a basis for habeas relief as the Rosario rule is purely one of a state law. U.S. ex rel. Butler v. Schubin, 376 F.Supp. 1241, 1247 (S.D.N.Y. 1974), aff'd, 508 F.2d 837 (2d Cir.1975); Morrison v. McClellan, 903 F.Supp. 428, 429 (E.D.N.Y.1995).[11]

---

**9.** As such, the testimony established that the contents of the buy report was the duplicative equivalent of the lost notes. Although the duplicative equivalent exception to the Rosario rule was severely curtailed in People v. Young, 79 N.Y.2d 365, 582 N.Y.S.2d 977, 591 N.E.2d 1163 (1992), this occurred long after petitioner's conviction and thus counsel's decision at that time to forego sanctions was reasonable. Moreover, counsel made a strategic decision not to emphasize the missing notes, presumably because he did not want to draw attention to Officer Bert's injury in this case, potentially arousing sympathy for the officer. This decision was not unreasonable. See Aguirre, 912 F.2d at 560 (strategic choices made after thorough investigation of law and facts are virtually unchallengeable).

**10.** On December 16, 1993, almost four years after Green's conviction and two years after his appeal, the New York State Court of Appeals ruled that there must be proof that the defendant knew the weight of the substance where a crime requires the defendant to knowingly possess or sell a controlled substance of a specified weight. People v. Ryan, 82 N.Y.2d 497, 605 N.Y.S.2d 235, 626 N.E.2d 51 (1993). This decision is no longer the law in New York as of June 10, 1996, when the legislature overruled Ryan. See N.Y. Penal L. § 15.20.; People v. Lamont, 227 A.D.2d 873, 643 N.Y.S.2d 243 (3d Dep't 1996).

**11.** Petitioner also states in his petition that he was denied due process at law at the Wade hearing when the District Attorney knowingly allowed an Officer Prince to testify falsely, when she claimed to be present at his arrest and booking when she was not. Because petitioner's claim is not supported by more than bare conclusory allegations, this ground is without merit.

### 2. Officer Bert's Notes

■ Second, petitioner argues that he was denied due process and equal protection of the law because the People failed to provide him with *Rosario* material, specifically copies of Officer Bert's missing notes. Under New York law, prior to the cross-examination of a prosecution witness, a defendant must be provided with a copy of any written or recorded statement relating to the subject matter of the witness's testimony. N.Y. CPL § 240.44(1). However, as discussed above, this is purely a New York statutory requirement, and the failure to turn over *Rosario* material is not a basis for habeas relief.[12]

Petitioner also claims that some of Officer Bert's notes, which Officer Bert testified were lost, were located since the trial. However, the notes Officer Bert testified were lost related to transactions on March 30–31, 1989. The notes petitioner claims he "located" were related to a transaction on April 27, 1989 and were provided to petitioner prior to trial. Resp.'s Suppl. Mem. of Law, Exh. 2.

### III. Conclusion

For the foregoing reasons, petitioner's motion for discovery is denied, and his habeas petition is dismissed. The Clerk of the Court is directed to close this case. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is not warranted.

**SO ORDERED.**

---

**12.** In any event, no error occurred at the state level. As discussed above, it was established that Officer Bert's notes were lost because he was shot in the line of duty. Moreover, the information allegedly lost had been transferred shortly after its initial recording to the buy operation report, which was in evidence. As there was a reasonable explanation for their loss and because the information in the lost notes was provided in the buy report, petitioner suffered no prejudice.