■ The People of the State of New York, Respondent, v Derron Stephens, Appellant. [670 NYS2d 185] —Judgment, Supreme Court, New York County (James Leff, J.), rendered May 2, 1995, convicting defendant, after a jury trial, of robbery

in the first and second degrees and unauthorized use of a vehicle in the third degree, and sentencing him, as a second felony offender, to concurrent prison terms of 7½ to 15 years on the robbery convictions and 1 year on the remaining conviction, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The testimony of the officer who conducted the lineup, credited by the hearing court, and his report, which indicated the age, weight and height of defendant and the fillers, as well as the fact that all were black males of similar complexion and with facial hair, were sufficient to establish the fairness of the lineup (*see, People v Green*, 188 AD2d 385, 386, *lv denied* 81 NY2d 840). The evidence established that all the participants were of similar height and weight, and any difference was minimized by the fact that they were seated and wore numbers in front of them (*see, People v Herrera*, 219 AD2d 511, *lv denied* 87 NY2d 847). Although the officer could not recall what either defendant or the fillers were wearing, there is no indication that defendant did in fact wear any distinctive article, and the victim had only described a hat and no other aspect of attire, thus reducing any likelihood that defendant would have been singled out for that reason (*see, People v Gourdine*, 223 AD2d 428, 429, *lv denied* 88 NY2d 848).

Defendant's motion to suppress his statement was also properly denied. Defendant's objection was not sufficient to preserve his current argument that his crumpling up and discarding of his first written statement, the one now at issue, constituted an invocation of his right to remain silent and we decline to review it in the interest of justice. Were we to review this claim, we would find it without merit in light of the fact that defendant wrote and discarded the first statement in full view of the officer, and immediately began to write a second statement, without any request by the police, and stated he wanted an attorney only after the officer asked defendant what he knew about "the robbery" while defendant was writing that second confession (*see, People v Hendricks*, 90 NY2d 956). Concur—Ellerin, J. P., Nardelli, Williams and Mazzarelli, JJ.