■ In the Matter of EDWARD TICHELI, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, Respondent. [680 NYS2d 840] —Order and judgment (one paper), Supreme Court, New York County (Louise Gruner Gans, J.), entered August 26, 1997, which denied petitioner's application to annul respondent's determination denying petitioner a pistol carry permit, and dismissed the petition, unanimously affirmed, without costs.

We agree with the IAS Court that petitioner fails to demonstrate that his transporting of valuable watches places him at unusual risk of danger that gives him a special need for self-protection distinguishable from that of countless others who do business in the City without benefit of a license to carry a concealed pistol (see, Matter of Milo v Kelly, 211 AD2d 488). Concur—Rosenberger, J. P., Nardelli, Wallach and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN MEYER, Appellant. [682 NYS2d 11] —Judgment, Supreme Court, New York County (Carol Berkman, J., at hearing; Jerome Hornblass, J., at plea and sentence), rendered May 20, 1996, convicting defendant of robbery in the first degree and sentencing him to a term of 2 to 6 years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. A review of the lineup photograph shows individuals who were similar, although not identical, in age and appearance to defendant. Since there was no substantial likelihood that the defendant would be singled out for identification (see, People v Stephens, 248 AD2d 214, lv denied 92 NY2d 861), the lineup was not unduly suggestive. Defendant's claim that he was the only lineup participant meeting the complainant's description of the robber is unpreserved and unreviewable, because this description is not part of the hearing record and defendant never moved to reopen the hearing.

Furthermore, the sentencing court did not depart from its original promise to consider a recommendation for early release to the parole board if defendant showed sufficient rehabilitation. We take judicial notice of defendant's post-conviction application under CPL article 440 where it appears that the court furnished such a recommendation, which the board considered and rejected. Concur—Rosenberger, J. P., Nardelli, Wallach and Rubin, JJ.