**Raymond JOHNSON, Petitioner,**

v.

**Gery H. FILION, Superintendent, Marcy Correctional Facility Respondent.**

**No. 99 CIV.9747(RMB)THK.**

United States District Court, S.D. New York.

Oct. 30, 2002.

Raymond Johnson (Pro Se), Malone, NY, for plaintiff.

Susan H. Odessky, Assistant Attorney General, State of New York NY, New York City, for defendant.

### ORDER

BERMAN, District Judge.

### I. Background

On or about September 16, 1999, Raymond Johnson ("Johnson" or "Petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his May 17, 1995 conviction in Supreme Court, New York County, for criminal sale of a controlled substance in the third degree (New York Penal Law § 220.39[1] ). Johnson's con-

viction was affirmed on October 13, 1998 by the Appellate Division, First Judicial Department, *People v. Johnson,* 254 A.D.2d 101, 679 N.Y.S.2d 5 (App. Div. 1st Dep't 1998). Leave to appeal was denied by the New York Court of Appeals on January 22, 1999. *See People v. Johnson,* 92 N.Y.2d 1050, 685 N.Y.S.2d 428, 708 N.E.2d 185 (1999). Petitioner thereafter filed a motion with the New York State Supreme Court, New York County, to vacate his conviction, pursuant to New York Criminal Procedure Law § 440.10. Petition at 5. The motion was denied on April 16, 1999. *Id.* Leave to appeal was denied by the Appellate Division on July 1, 1999. *Id.*

In his Petition, Johnson alleged, among other things, two principal grounds for habeas relief: (1) deprivation of his due process rights by virtue of the prosecution's alleged failure to disclose *Brady* and *Rosario* material; and (2) deprivation of his Sixth Amendment rights due to alleged ineffective assistance of trial counsel. Respondent opposed the Petition on January 19, 2000 ("Opposition").

On July 22, 2002, Magistrate Judge Theodore H. Katz, to whom the matter had been referred, issued a Report and Recommendation ("Report"), recommending that the Petition be denied. Petitioner filed objections to the Report on October 2, 2002 ("Petitioner's Objections"). **For the reasons stated below, the Report is adopted in all respects and the Petition is dismissed.**

### II. Standard of Review

 This Court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous. *See* Fed.R.Civ.P. 72(b); *see, e.g., Letizia v. Walker,* No. 97 Civ. 0333, 1998 WL 567840, at *1 (W.D.N.Y. Aug. 27, 1998); *Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y.1991); *Nelson v. Smith,*

618 F.Supp. 1186, 1189 (S.D.N.Y.1985). The court conducts a de novo review of those portions of the Report to which objections have been made. *See, e.g., Letizia,* 1998 WL 567840 at *1; *Pizarro,* 776 F.Supp. at 817. Once objections are received, a district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate. *See, e.g., DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y. 1988). Where, as here, the petitioner is proceeding *pro se,* "leniency is generally accorded." *Bey v. Human Resources Admin.,* No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan.12, 1999).

## III. Analysis

The Court has conducted a *de novo* review of the record herein, including, among other things, the Report, Petitioner's Objections, and applicable legal authorities. The Court adopts the Magistrate Judge's findings of fact as supported by the record and concludes that Magistrate Katz's legal determinations are correct in all material respects.

*Petitioner's Objections*

In his objections, Petitioner raises substantially the same arguments as were raised in the Petition. Petitioner's Objections do not provide a basis for departing from the Report's recommendations.

### A. *Rosario Material*

■■■ Magistrate Katz correctly concluded that this claim is procedurally barred, Report at 7 n. 3, but, even if it were not, "Petitioner's claim regarding the alleged violation of the Rosario rule by the state court does not present a question cognizable by this Court on habeas review." *Id.* "Failure to turn over Rosario material is not a basis for habeas relief as the Rosario rule is purely one of state law." *Green v. Artuz,* 990 F.Supp. 267, 274 (S.D.N.Y.1998).

### B. *Brady Material*

■■■ Magistrate Katz properly determined that this claim is "procedurally defaulted," Report at 13–14, but that even if it were not, "Petitioner's claim has failed to meet any of the requirements of the *Brady* standard." *Id.* at 19. To establish a Brady violation, the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; the evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued. *Strickler v. Greene,* 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). "Petitioner's Brady claim fails all three parts of the test." Report at 18. First, Petitioner (merely) speculates about a photograph and fails to demonstrate how it would be exculpatory or impeaching. *Id.; see* Petitioner's Objections at 30–31 (beyond it relating to J.D. Vest, there is no other indication "as to the exact nature of the photograph"). Second, the prosecution did not suppress the photograph. *See* Report at 18 ("Defense counsel was given a photocopy of the photograph prior to the commencement of the trial."). Third, Petitioner failed to establish prejudice. *See id.* at 18–19 ("Nothing … raises even a suggestion that the outcome of the trial could have been affected by the photograph.")

### C. *Ineffective Assistance of Trial Counsel*

■■■ To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish two elements, namely: (i) that counsel's performance "fell below an objective standard of reasonableness," and (ii) that there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding

would have been different. *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1] A court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 669, 104 S.Ct. 2052. The Magistrate, following a thoughtful analysis, correctly determined that: "[w]hether Petitioner's ineffective assistance of counsel claims are viewed collectively or separately, they do not come close to satisfying the Strickland standard." Report at 22.

### D. *Certificate of Appealability*

■ Because Johnson has not made a "substantial showing of the denial of a constitutional right," this Court will not grant a certificate of appealability. *Id.* at 29; *see Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 112 (2d Cir.2000).

## IV. Conclusion

The Court adopts Magistrate Katz's Report in all respects and, for the reasons stated therein and herein, denies Johnson's Petition. A certificate of appealability is denied. The Clerk is respectfully requested to close this case.

---

1. Petitioner argues that trial counsel was ineffective because he "(1) failed to obtain and properly exploit Rosario and Brady material; (2) did not object to parts of Officer Durkin's testimony, (3) did not timely request a missing witness charge; (4) failed to investigate the crime scene; and (5) was unprepared for trial." Report at 19.