UNITED STATES of America

v.

**Stanley BREWER a/k/a "Shaborn," and Ishea Riley, Defendants.**

**No. 91 Cr. 404 (RPP).**

United States District Court, S.D. New York.

July 17, 1991.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. by Robert Khuzami, Asst. U.S. Atty., New York City, for U.S.

Culleton & Marinaccio by Michael A. Marinaccio, White Plains, N.Y., for Stanley Brewer.

Leonard F. Joy, The Legal Aid Society, Federal Defender Services Unit by Inga L. Parsons, New York City, for Ishea Riley.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendant Stanley Brewer ("Brewer") is charged with credit card fraud in violation of 18 U.S.C. § 1029(a)(1) and (2). He now moves (1) pursuant to Rules 8(a) and 12(b)(2) of the Federal Rules of Criminal Procedure to dismiss the indictment as duplicitous and (2) pursuant to Rule 12(b)(3) to suppress an out-of-court identification. For the reasons set forth below, defendants' motions are denied.

### 1. The Indictment

■ Brewer seeks to dismiss the indictment as duplicitous. Rule 8(a) of the Federal Rules of Criminal Procedure indicates that if two or more offenses are charged in the same indictment, they must be charged "in a separate count for each offense." A duplicitous indictment joins two or more separate and distinct offenses in the same count. *United States v. Zolli*, 51 F.R.D. 522, 526 (E.D.N.Y.1970). Defendant argues that the indictment in this case charges two separate offenses in a single count because it refers to defendants' use of an unauthorized credit card at two separate retail stores in Manhattan, DeJaiz and Abraham & Strauss ("A & S").

■ It is well-settled that two or more acts, each of which standing alone constitutes a separable offense, may be charged in a single count if those acts can be characterized as part of a single continuing scheme. *See United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir.1989) (single narcotics count charging two sales), *cert. denied*, — U.S. —, 110 S.Ct. 1139, 107 L.Ed.2d 1044 (1990); *United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir.1981) (single count of mail fraud alleging 50 mailings), *cert. denied*, 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983); *United States v. Girard*, 601 F.2d 69, 72 (2d Cir.) (single count alleging unauthorized sale of official DEA records on four individuals), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). The two acts charged here were plainly part of a single scheme to defraud: they involved the same two

persons, the same credit card and occurred back-to-back on the same day. Brewer allegedly urged the sales clerk at DeJaiz to approve the purchase because A & S had just done so. Complaint filed Mar. 6, 1991 ¶ 2(c). Under these circumstances, the indictment is not duplicitous.

Failure to charge the credit card uses as separate offenses will not prejudice the defendant. None of the policy considerations underlying Rule 8(a)—avoiding the uncertainty of whether a general verdict of guilty concerns a finding of guilty as to both crimes, avoiding the risk that jurors may not have been unanimous as to all the crimes charged, assuring the defendant adequate notice, providing the appropriate basis for sentencing and protecting against double jeopardy in a subsequent prosecution, *see United States v. Margiotta,* 646 F.2d at 733 (citing *United States v. Murray,* 618 F.2d 892, 896 (2d Cir.1980))—are implicated here. The defendant may request a bill of particulars and the jury may be instructed to make findings as to each act charged. Accordingly, defendant's motion to dismiss the indictment as duplicitous is denied.

### 2. The Photo Identification

On February 25, 1991 Special Agent John D. Wampler ("Wampler") of the United States Secret Service interviewed the sales clerk who was working at the DeJaiz store when defendant allegedly attempted to use the unauthorized credit card on January 25, 1991. Wampler Aff. ¶ 6(a). The clerk gave Wampler a physical description matching that of defendant Brewer. *Id.*

On March 5, 1991 Wampler showed the clerk a photo array. Prior to doing so, he read the following statement:

> In a moment I am going to show you a group of photographs. This group of photographs may or may not contain a picture of the person who committed a crime now being investigated. Keep in mind that hair styles, beards and moustaches may be easily changed. Also,

photographs may not always depict the true complexion of a person—it may be lighter or darker than shown in the photo. Pay no attention to any markings or numbers that may appear on the photos or any other differences in the type of style of the photographs. When you have looked at all the photos, tell me whether or not you see the person whom committed the crime. Do not tell other witnesses that you have or have not identified anyone.

Wampler Aff. ¶ 6(b). The clerk picked the photograph of defendant Brewer and positively identified him as the person who attempted to purchase clothing from De-Jaiz on January 25, 1991 using a credit card. Brewer now moves to suppress both the out-of-court identification by the clerk and to bar an in-court identification at trial.

An out-of-court photographic identification will be excluded at trial as a violation of due process only if the identification procedure "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). *See Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). The fairness of a photographic array depends on a number of factors, including the size of the array, the manner of presentation by the officers and the array's contents. *United States v. Maldonado–Rivera,* 922 F.2d 934, 974 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2858, 115 L.Ed.2d 1026 (1991).

Brewer makes no showing that the procedure used by Wampler was unduly suggestive. On its face the procedure does not appear to have been suggestive at all. Wampler used a total of six photographs,[1] the persons pictured shared Brewer's physical attributes in that they were all black males of approximately the same age with short hair and moustaches, Brewer's photo contained no unusual or distinctive features such as facial marks, glasses or un-

---

**1.** *See United States v. Marrero,* 705 F.2d 652, 655 n. 5 (2d Cir.1983) (six photos in array sufficient to avoid suggestiveness).

usual clothing, and no names, dates or suggestive markings appeared under any of the photos. *See United States v. Jacobowitz,* 877 F.2d 162, 168 (2d Cir.) (array not unduly suggestive where photographs were suitably similar and defendant's photo did not stand out from the others), *cert. denied,* — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Finally, there is no allegation that the showing was tainted by any suggestive comments from Wampler. Under these circumstances, the identification based on the photo array has not been shown to have been impermissibly suggestive in any respect and, accordingly, defendant's motion to suppress is denied.[2]

IT IS SO ORDERED.

**2.** Defendant also argues that the clerk "did not have sufficient opportunity to view the individuals at the time of the occurrence on January 25, 1991." Memorandum of Law in Support at 3. The Court's conclusion that the photographic array was not suggestive eliminates the need to inquire into the reliability of the identification under the factors enumerated in *Neil v. Biggers,*

409 U.S. 188, 199–200, 93 S.Ct. 375, 382–83, 34 L.Ed.2d 401 (1972), including the witness' opportunity to view the defendant at the time of the crime. *See Jarrett v. Headley,* 802 F.2d 34, 42 (2d Cir.1986) (habeas corpus) ("if the procedures were not impermissibly suggestive, independent reliability is not a constitutionally required condition of admissibility").