**UNITED STATES OF AMERICA,**

v.

**Bruce W. GORDON, Who's Who World Wide Registry, Inc., Sterling Who's Who, Inc., Tara Garboski, a/k/a "Tara Green," Oral Frank Osman, a/k/a "Frank Martin," Laura Weitz, a/k/a "Laura Winters," Annette Haley, Scott Michaelson, Steve Rubin, a/k/a "Steve Walden," and Martin Reffsin, Defendants.**

No. CR 96–1016(S–1)(ADS).

United States District Court, E.D. New York.

Jan. 10, 1998.

Edward P. Jenks, Mineola, NY, for Who's Who Worldwide Registry, Inc. and Sterling Who's Who, Inc.

Gary Schoer, Syosset, NY, for Tara Garboski, a/k/a "Tara Green".

Alan M. Nelson, Lake Success, NY, for Oral Frank Osman, a/k/a "Frank Martin".

Winston Lee, New York, NY, for Laura Weitz, a/k/a "Laura Winters".

Martin Geduldig, Hicksville, NY, for Annette Haley.

James C. Neville, New York, NY, for Scott Michaelson.

Thomas F.X. Dunn, New York, NY, for Steve Rubin, a/k/a "Steve Walden".

John S. Wallenstein, Hempstead, NY, for Martin Reffsin.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On March 19, 1997, the grand jury returned a 73–count Superseding Indictment which charged Bruce W. Gordon ("Gordon"), Who's Who Worldwide Registry, Inc. ("Who's Who Worldwide"), Sterling Who's Who, Inc. ("Sterling Who's Who," Who's Who Worldwide and Sterling Who's Who will collectively be referred to as, the "Companies") and six of their employees, Tara Garboski a/k/a "Tara Green" ("Garboski"), Oral Frank Osman a/k/a "Frank Martin" ("Osman"), Laura Weitz a/k/a "Laura Winters" ("Weitz"), Annette Haley ("Haley"), Scott Michaelson ("Michaelson"), and Steve Rubin a/k/a "Steve Walden" ("Rubin," collectively, the "Employee Defendants"), with conspiracy to commit mail fraud (Count 1) and the substantive crime of mail fraud (Counts 2–56). Gordon is also charged with: giving perjurious testimony at the trial of *Reed Elsevier, Inc. v. Who's Who Worldwide Registry, Inc.*, CV 92–3959(ADS), a case involving allegations of trademark infringement and false advertising (Count 57); obstruction of justice in the bankruptcy action entitled *In re Who's Who Worldwide Registry, Inc.*, Docket No. 894–81496–478, by submitting a bankruptcy petition containing false information, and giving false, evasive and misleading testimony

Zachary W. Carter, U.S. Atty., Brooklyn, NY, by Ronald G. White, Cecil Scott, Asst. U.S. Attys., for U.S.

Norman Trabulus, Mineola, NY, for Bruce W. Gordon.

under oath, with regard to the ownership of Who's Who Worldwide and other corporations controlled by Gordon (Count 59); filing false tax returns for the years 1991–1994 (Counts 62–65); filing False Collection Information Statements dated September 16, 1991, July 8, 1993 and December 29, 1993, with the Internal Revenue Service (Counts 70–72); and money laundering between December 1, 1992 and the date of the indictment (Count 73). In addition, Gordon and Martin Reffsin ("Reffsin"), the principal accountant for Gordon and the Companies, are each charged with: obstruction of justice with regard to the bankruptcy proceeding entitled *In re Who's Who Worldwide Registry, Inc.*, Docket No. 894–81496–478 (Count 58); conspiracy to impair, impede and defeat the Internal Revenue Service between January 1989 and the date of the indictment (Count 60); and evasion of payment of income tax for the calendar years 1981 through 1990, by allegedly concealing and attempting to conceal from the Internal Revenue Service the nature and extent of Gordon's income and assets (Count 61). Finally, Reffsin is charged with assisting in the filing of Gordon's alleged false income tax returns for the years 1991 through 1994 (Counts 66–69).

The indictment arises out of the Companies' business of selling memberships in their "Who's Who" registries. Familiarity with the Court's prior opinions is presumed.

Presently before the Court are the following two omnibus motions: (1) Osman, Weitz, Garboski, Michaelson, Rubin and Haley move to sever Counts 57 through 73 from the remaining counts of the Superceding Indictment pursuant to Fed.R.Crim.P. 8(b) and 14; and (2) Gordon moves by an Order to Show Cause to dismiss pursuant to Fed.R.Crim.P. 12(b)(2), Count 73 which charges Gordon with money laundering.

## I. DISCUSSION

### A. *Motion to sever*

Osman, Weitz, Garboski, Michaelson, Rubin and Haley move to sever Counts 57 through 73 from the remaining counts of the Superceding Indictment on the following grounds:

(1) joinder under Fed.R.Crim.P. 8(b) is improper since Counts 57 through 73 do not arise out of the same act or transaction or series of acts or transactions as Counts 1–56; and

(2) the evidence of fraudulent activity engaged in by Gordon and Reffsin, arising from Counts 57 through 73, will prejudice them since the jury will not be able to compartmentalize the various facts and issues. Hence, due to this "spillover" effect, the severance is warranted pursuant to Fed.R.Crim.P. 14.

### 1. *Fed.R.Crim.P. 8(b)*

Fed.R.Crim.P. 8(b) ("Rule 8(b)") provides as follows:

(b) Joinder of defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

"Rule 8 does not explicitly provide a standard that governs when multiple offenses and multiple defendants are joined in one indictment." *United States v. Turoff*, 853 F.2d 1037, 1043 (2d Cir.1988). Where the joinder involves both multiple offenses and multiple defendants, Rule 8(b) must be applied. *Id.* "The effect of construing Rule 8 in this fashion is that multiple defendants cannot be tried together on two or more similar but unrelated acts or transactions; multiple defendants may be tried together only if the charged acts are part of a series of acts or transactions constituting an offense or offense." *Id.; see also* C. Wright, I Federal Practice and Procedure: Criminal 2d § 144, at 508–09 (1982). In *United States v. Attanasio*, 870 F.2d 809 (2d Cir.1989), the Second Circuit interpreted this rule to mean that the acts must be "unified by some substantial identity of facts or participants, or arise out of a common plan or scheme." *Id.* at 815 (citing *United States v. Porter*, 821 F.2d 968,

972 (4th Cir.1987), *cert. denied,* 485 U.S. 934, 108 S.Ct. 1108, 99 L.Ed.2d 269 (1988)).

■ In the present case, the moving defendants contend that the mail fraud counts are improperly joined to the subsequent counts in the indictment which name only Gordon and Reffsin. They contend that each grouping of counts alleges essentially a separate conspiracy, and that they are not sufficiently connected to permit joinder under Rule 8(b). The Court finds that for the reasons stated in the Government's Memorandum of Law in Opposition to Defendants' Pre–Trial Motions at 72–80, all counts of the Superceding Indictment have been properly joined under Rule 8(b). The mail fraud counts (Counts 1–56) charge Gordon and the moving defendants with participating in a scheme to defraud their customers by means of certain representations. The remaining seventeen counts charge Gordon and his accountant, Reffsin, with laundering and evading taxes on the proceeds of this alleged illegal activity and with making false statements in federal bankruptcy proceedings in order to protect against creditors' legitimate claims to those proceeds.

The Companies producing the money that is the subject of all the counts, are consequently the centerpiece and focal point of the two conspiracies. First, the defendants seek to sever the mail fraud counts with Count 57, which charges Gordon with perjury at the trial of the trademark infringement suit brought by Reed Elsevier against Worldwide. Count 57 shares a substantial factual basis with the mail fraud counts. Gordon is charged with lying under oath at the trial when he stated that the Companies held conferences and seminars for their customers. This alleged misrepresentation is identical to one of the alleged false statements that the moving defendants are charged with making over the telephone to lure customers. Hence, the Court finds that Count 57 is properly joined to the mail fraud counts due to factual interrelatedness. *See United States v. Biaggi,* 909 F.2d 662, 676 (2d Cir. 1990) (interrelated conspiracies properly joined under Rule 8(b) where "[p]roof of one scheme was helpful to a full understanding of

the other"), *cert. denied,* 499 U.S. 904, 111 S.Ct. 1102, 113 L.Ed.2d 213 (1991).

■ Second, the moving defendants maintain that Counts 60–69, the tax-related counts, are improperly joined to the mail fraud counts. However, the Second Circuit has held that counts in an indictment which allege illegal activity are properly joined to tax evasion counts where the revenue on which the tax was evaded resulted from the criminal conduct charged in the non-tax count. *See Turoff,* 853 F.2d at 1043 (tax evasion count properly joined to mail fraud count); *Biaggi,* 909 F.2d at 676 (tax evasion count properly joined to extortion count). The tax counts allege violations of the Internal Revenue Code arising from Gordon's failure to disclose his income from the Companies. This income allegedly consisted of monies produced by the Companies' mail fraud conspiracy and the substantive offense. Hence, the Court finds that Counts 60–69 are properly joined under Rule 8(b).

■ Alternatively, the Court agrees with the Government that the tax evasion and mail fraud counts are linked to the money laundering count, Count 73. Mail fraud and tax evasion are alleged as predicate acts of the money laundering count. Hence, in order to prove Count 73, the Government must first prove mail fraud and tax evasion. Therefore, the Court finds that the tax evasion, mail fraud and money laundering counts are properly joined.

■ Third, Counts 58 and 59 (the "obstruction counts") are also properly joined because the same instances of misconduct alleged in these counts are also alleged as overt acts in Count 60, the tax conspiracy count. Specifically, Gordon's false statements concerning the ownership of the Companies and the creation of false usage logs that purport to document legitimate corporate business conducted at the condominium located in Manhasset, New York and the penthouse located in Manhattan, New York, are alleged in the obstruction counts and are alleged as overt acts to the tax conspiracy.

It is clear to this Court that the allegations in the Superceding Indictment arise out of a common plan or scheme, and from the same

series of acts or transactions and thus, joinder under Rule 8(b) is proper. Therefore, the motion to sever Counts 1–56 from Counts 57–73 is denied under Rule 8(b).

### 2. Fed.R.Crim.P. 14

Fed.R.Crim.P. 14 ("Rule 14") provides, in relevant part, as follows:

[i]f it appears that a defendant ... is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Motions to sever under Rule 14 are committed to the "sound discretion of the trial judge." *United States v. Chang An–Lo*, 851 F.2d 547, 556 (2d Cir.), *cert. denied*, 488 U.S. 966, 109 S.Ct. 493, 102 L.Ed.2d 530 (1988). The Court has discretion to grant a defendant's request for severance under Rule 14 if it appears that her/his joinder with other defendants will result in *substantial prejudice* to her/him. The burden is on the moving defendant to show facts demonstrating such prejudice as a result of the joint trial. *See United States v. Villegas*, 899 F.2d 1324, 1346 (2d Cir.), *cert. denied*, 498 U.S. 991, 111 S.Ct. 535, 112 L.Ed.2d 545 (1990).

The Court notes that joint trials are favored since they "conserve state funds, diminish inconvenience to witnesses and public authorities and avoid delays in bringing those accused of crime to trial." *Bruton v. United States*, 391 U.S. 123, 134, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *accord United States v. Cardascia*, 951 F.2d 474, 482–83 (2d Cir.1991) (judicial economies and less risk of receiving inconsistent verdicts in multi-defendant trial outweighs slight prejudice to co-defendants that is inevitable in such trials). In order to succeed on a Rule 14 motion, a defendant must establish more than that "he would ... have a better chance of obtaining an acquittal at a separate trial." *United States v. Friedman*, 854 F.2d 535, 563 (2d Cir.1988) (citations omitted), *cert. denied*, 490 U.S. 1004, 109 S.Ct. 1637, 104 L.Ed.2d 153 (1989). Rather, the defendant has the burden of demonstrating that absent a severance, a "miscarriage of justice" will occur. *Id.*

Finally, generally, persons charged in a conspiracy should be tried together. *United States v. Golomb*, 754 F.2d 86 (2d Cir.1985); *United States v. Werner*, 620 F.2d 922 (2d Cir.1980). However, in order to guarantee that each defendant in a joint prosecution is fairly tried, the jury must treat each co-defendant as if separately tried, and consider only relevant and competent evidence bearing on that defendant's guilt or innocence. *Bruton*, 391 U.S. 123, 88 S.Ct. 1620; *accord Krulewitch v. United States*, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949) (multi-defendant conspiracy prosecutions call for use of every safeguard to individualize each defendant in relation to the mass). Toward this end, the trial court is to provide "impregnable" barriers in a joint trial so that transference of guilt from one defendant to another is prevented. *Blumenthal v. United States*, 332 U.S. 539, 68 S.Ct. 248, 92 L.Ed. 154 (1947).

In the present case, the moving defendants contend that the strong evidence of fraudulent activity engaged in by Gordon and Reffsin, which is the subject of Counts 57 through 73, will spill over and affect the jury's perception of them. Specifically, they are concerned that the strong showing the Government will make with regard to fraudulent intent on the part of Gordon and Reffsin will taint them and influence the jury to find scienter on their part as well. The Court disagrees.

In the Court's view, the moving defendants have overstated both the spill over from Gordon and Reffsin, as well as the jury's ability to handle a joint trial in this case. This case is not so complicated as to be beyond the comprehension of the jury, and the Court cannot assume that a multi-defendant trial is "beyond the ken of the average juror." *Villegas*, 899 F.2d at 1347. In addition, because there are significant differences in the nature of the charges and quantity of evidence against the moving defendants as compared with Gordon and Reffsin, the danger of spillover is minimal. *See United States v. Abrams*, 539 F.Supp. 378, 382 (S.D.N.Y.1982)

("Marked differences among defendants have been noted to be a source of reduced danger of spillover."). Significantly, the moving defendants have failed to offer any facts or otherwise show that they would have a better chance of obtaining an acquittal at a separate trial, *Friedman*, 854 F.2d at 563, and that a "miscarriage of justice" would occur if they were jointly tried, *Villegas*, 899 F.2d at 1346. In fact, there is a theory in the criminal justice field that defendants who are only minimally involved may have an advantage if tried with the major defendants. The benefits of judicial economy as well as the preference to try alleged co-conspirators together, outweigh the slight prejudice that there may be to the defendants in this case in a joint trial.

▉▉▉ Finally, the Court agrees with the Government that any prejudice resulting from the joinder of Counts can be cured by a limiting instruction. It is done in many conspiracy and substantive count prosecutions. Simply stated, the jury can be told at the commencement of the trial, during the trial and during the jury charge that they are to consider evidence regarding Counts 57 (perjury), 59 (obstruction of justice), 62–65 (tax evasion) and 70–73 (tax -related and money laundering) against Gordon only; Counts 66–69 (assisting in tax evasion) against Reffsin only; and Counts 58 (obstruction of justice) and 60–61 (tax-related) against Gordon and Reffsin only. That's a clear curative instruction which is not complicated, is easily understood and is not prejudicial in any manner to any defendant.

Accordingly, the Court exercises its discretion and denies the moving defendants' motion to sever their trial from the trial of Gordon and Reffsin.

## B. *Gordon's Order to Show Cause*

▉▉▉ Gordon moves pursuant to Fed. R.Crim.P. 12(b)(2) to dismiss Count 73 of the Superceding Indictment, which charges Gordon with money laundering, on the following two grounds of duplicity:

(1) the Count charges violations of two distinct money laundering statutory provisions that create separate crimes—18 U.S .C. § 1956(a)(1)(A)(ii) and 18 U.S.C. § (a)(1)(B)(i); and

(2) the Count improperly charges multiple financial transactions in a single count.

During oral argument, Gordon withdrew the above first basis for his Order to Show Cause.

▉▉▉ "An indictment is duplicitous if it joins two or more distinct crimes in a single count." *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir.1992) (citing *United States v. Murray*, 618 F.2d 892, 896 (2d Cir.1980)). However, "under the law of this Circuit, 'acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme.'" *Id.* (quoting *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir.1989), *cert. denied*, 493 U.S. 1081, 110 S.Ct. 1139, 107 L.Ed.2d 1044 (1990)). In addition, acts which merely constitute different means of carrying out the same underlying crime may properly be included in one count. *Murray*, 618 F.2d at 896. The Second Circuit has recognized that "[i]f the doctrine of duplicity is to be more than an exercise in mere formalism it must be invoked only when an indictment affects the policy considerations" underlying the case. *Id.* at 897. Those considerations are as follows:

> avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy.

*United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir.1981) (citing *Murray*, 618 F.2d at 896), *cert. denied*, 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983).

In this case, Count 73 of the Superceding Indictment alleges in relevant part as follows:

> 71. On or about and between December 1, 1992 and the date of this indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, defendant BRUCE

W. GORDON, together with others, did knowingly and intentionally conduct and attempt to conduct financial transactions, to wit, the purchase, improvement, furnishing and maintenance of the Manhasset Condominiums, knowing that the property involved in such financial transactions represented the proceed; of some form of unlawful activity, and which property did in fact involve the proceeds of specified unlawful activity, to wit: mail fraud, with the intent to engage in conduct constituting a violation of sections 7201 and 7206 of the Internal Revenue Code of 1986, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the mail fraud.

▪ With regard to Gordon's assertion that Count 73 is duplicitous because it charges more than one financial transaction, the Second Circuit has yet to address whether charging multiple transactions in one money laundering count is duplicitous. However, in *United States v. Conley*, 826 F.Supp. 1536, 1540–44 (W.D.Penn.1993), the court held that the offense of money laundering is not a continuing course-of-conduct offense. Rather, it held that the unit of prosecution is limited to a single transaction. *Id.; accord United States v. Martin*, 933 F.2d 609, 611 (8th Cir.1991). Applying *Conley* to the present case, Gordon maintains that Count 73 is duplicitous. The Court finds this argument unavailing.

The Court finds that the acts alleged in the money laundering count constitute part of a single continuous scheme, and thus, this charge is not duplicitous. The acts attributed to Gordon are part of the same alleged design, that is, to use corporate funds to purchase, furnish and maintain the condominium located in Manhasset, New York, for his benefit without revealing to the IRS that he had control over the money. The acts are directed to this same goal and therefore, a part of a continuing scheme. *See Aracri*, 968 F.2d at 1519 (count not duplicitous when acts charged were all committed for a single purpose).

Gordon distinguishes the present case from those cases which have found multiple acts to constitute a single, continuous mail fraud scheme. This Court agrees with Judge Haight in the Southern District of New York that Gordon's argument constitutes an impermissible narrow construction of the case law. *See United States v. Weissman*, No. S2 94 Cr. 760, 1996 WL 742844, at *26 (S.D.N.Y. 1996). Like Gordon, the defendant in *Weissman* argued that the acts alleged in the obstruction of justice charge were duplicitous and that his case was distinguishable from mail and wire fraud cases. Judge Haight rejected this reasoning, stating as follows:

> The caselaw, however, cannot be read so restrictively. The Second Circuit has upheld, against a claim of duplicity, the aggregation of two heroin sales in a single count. *United States v.. Tutino*, 883 F.2d 1125, 1141 (2d Cir.1989). Other courts have found that multiple acts in pursuit of obstructing justice may be part of a common scheme, and be charged in a single count. *See United States v. Berardi*, 675 F.2d 894, 898 (7th Cir.1982) (continuous scheme found under 18 U.S.C. § 1503); *United States v. North*, 708 F.Supp. 372, 374 (D.D.C.1988) ("a prosecutor has considerable discretion in choosing whether to charge obstruction as a continuous course of conduct or as separate events").

*Id.*, 1996 WL 742844, at *26; *see also United States v. Brewer*, 768 F.Supp. 104, 105–06 (S.D.N.Y.1991) (indictment not duplicitous where defendant charged with use of same unauthorized credit card at two separate retail stores).

▪ Finally, the Court finds that the policy considerations underlying the doctrine of duplicity is not implicated in the present case. "By grouping several offenses in each count, this indictment serves not to expand defendant's exposure, but to limit it." *United States v. Agnese*, No. 85 Crim. 1198, 1986 WL 5108, at *2 (S.D.N.Y.1986). In addition, since Gordon has had ample access to the government's theory of the case, he cannot claim that he lacks notice of the charges against him, or that it will be difficult for him to ascertain the scope of double jeopardy protection. *Weissman*, 1996 WL 742844, at

*26 (citing *United States v. Mott*, 603 F.Supp. 1322, 1325 (S.D.N.Y.1985)). The Court further finds that any problems that may be created by multiple transactions alleged in the count, if there are any, can be cured by appropriate instructions to the jury. *Margiotta*, 646 F.2d at 733; *United States v. Helmsley*, 941 F.2d 71, 91 (2d Cir.1991), cert. denied, 502 U.S. 1091, 112 S.Ct. 1162, 117 L.Ed.2d 409 (1992); *United States v. DiMarzo*, 1993 WL 426936, at *2 (S.D.N.Y.1993); *Agnese*, 1986 WL 5108, at *2.

## II. CONCLUSION

Having reviewed the submissions of the parties and having heard oral argument, it is hereby,

**ORDERED**, that the motion pursuant to Fed.R.Crim.P. 8(b) and 14 by the defendants Osman, Weitz, Garboski, Michaelson, Rubin and Haley to sever Counts 57 through 73 from the remaining counts of the Superceding Indictment, is denied in all respects; it is further

**ORDERED**, that the motion to dismiss Count 73 of the Superceding Indictment by the defendant Gordon on the grounds that it charges violations of two distinct money laundering statutory provisions, is withdrawn; and it is further

**ORDERED**, that the motion to dismiss Count 73 of the Superceding Indictment by the defendant Gordon, is denied in all other respects.

**SO ORDERED.**