**Martin REFFSIN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 03–CV–3042(ADS).**

United States District Court, E.D. New York.

Sept. 10, 2004.

Randall D. Unger, Esq., Bayside, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, by Assistant United States Attorney Ronald G. White, Brooklyn, NY, for Respondent.

### *MEMORANDUM OF DECISION AND ORDER*

SPATT, District Judge.

Presently before the Court is the motion by Martin Reffsin ("Petitioner" or "Reffsin") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Petitioner argues that he was denied his right to the effective assistance of trial counsel by John S. Wallenstein, Esq., because, among other things, counsel failed to sufficiently confer with the Petitioner before and during the trial and counsel did not call any expert witnesses. For the reasons stated below, Reffsin's motion is denied.

## BACKGROUND

The complete background of this case has been set forth in detail in prior opinions by this Court and the United States Court of Appeals for the Second Circuit. *See United States v. Gordon et al*, 291 F.3d 181 (2d Cir.2002), *cert. denied*, 537 U.S. 1114, 123 S.Ct. 866, 154 L.Ed.2d 788 (2003); *United States v. Gordon et al*, 71 F.Supp.2d 128 (E.D.N.Y.1999); *United States v. Gordon et al*, 990 F.Supp. 171 (E.D.N.Y.1998). Therefore, only the facts and procedures necessary for the resolution of this motion are included in this decision.

On April 7, 1998, following a thirteen-week jury trial before this Court, Martin Reffsin was convicted of conspiring with co-defendant Bruce Gordon ("Gordon") to impair and impede the Internal Revenue Service, evading tax payments, and three counts of filing false federal income tax returns, in violation of 18 U.S.C. § 371, 26 U.S.C. § 7201, and 26 U.S.C. § 7206, respectively. Reffsin's convictions arose out of his participation in a multi-million dollar telemarketing scheme, devised by Gordon, to deceive individuals into purchasing memberships in an allegedly exclusive directory or registry commonly referred to as the "Who's Who" publications. As Gordon's accountant, Reffsin was convicted of conspiring with him to evade tax payments to the Internal Revenue Service and assisting Gordon in filing false tax returns that enabled him to hide his fraudulently obtained assets from the "Who's Who" scheme.

On March 24, 2000, this Court sentenced Reffsin to forty-one months imprisonment.

On May 30, 2002, in a summary Order, the Second Circuit affirmed Reffsin's convictions. *See Gordon*, 291 F.3d at 184. On January 13, 2003, the United States Supreme Court denied his petition for a writ of certiorari.

On June 20, 2003, the Petitioner filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing the sole claim that he was denied his right to the effective assistance of trial counsel by John S. Wallenstein, Esq., an attorney appointed by the Court to represent him pursuant to the Criminal Justice Act. Specifically, he contends that counsel failed to sufficiently confer with the Petitioner before and during the trial; counsel did not call any expert witnesses; counsel conducted an inadequate cross-examination of a Government witness; and counsel "failed to deliver an effective closing argument." Pet'r Response at 8.

The United States Attorney's Office, as attorneys for the Respondent, asserts that Reffsin's motion is without merit. In addition, the Respondent provides an affidavit from Mr. Wallenstein addressing the Petitioner's allegation that he was ineffective as counsel.

## DISCUSSION

To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel performed deficiently and that the deficiency caused actual prejudice to his or her defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner may prove the deficiency prong by establishing that defense counsel's conduct fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. A petitioner may establish prejudice by showing a "reasonable probability" exists that, but for the deficiency, "the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. "A reasonable probability is one sufficient to undermine confidence in the outcome of the trial or appeal." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir.2002) (citing

*Strickland,* 466 U.S. at 694, 104 S.Ct. 2052).

Because "it is all too tempting for a defendant to second-guess counsel's assistance after conviction," *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052, the Second Circuit has instructed that a reviewing court should be "highly deferential" in assessing counsel's performance. *See Pratt v. Greiner,* 306 F.3d 1190, 1196 (2d Cir. 2002) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052). A petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052 (internal citations omitted).

Although the test for ineffective assistance of counsel contains two prongs, the Supreme Court specifically noted that federal district courts need not address both components if a petitioner fails to establish either one. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. In particular, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697, 104 S.Ct. 2052.

The Petitioner contends that counsel only spent two hours with him preparing for trial. Also, Reffsin states that he prepared "several memoranda providing background material that [he] believed to be pertinent to [his] case ... [but he] did not think that [counsel] read them." Pet'r Aff. at 2. In addition, he claims that he only spoke to counsel twice during the thirteen-week trial "once at breakfast, and once at lunch ... [and] on both occasions, our discussion were extremely general and accomplished nothing." *Id.* at 2. He concludes therefore that, because of the "complexity" of his tax fraud case and the Petitioner's own self-proclaimed expertise in tax issues, "counsel failed to spend a suffi-cient amount of time consulting with the petitioner before the trial commenced or at any time while the trial was in progress." Pet. at 10.

The Court finds the Petitioner's claim to be without merit. Counsel cannot be deemed constitutionally ineffective merely because the Petitioner does not believe that counsel read his prepared memoranda or because, in the Petitioner's opinion, their meetings "accomplished nothing." Moreover, as to the time spent preparing for the Petitioner's trial, Mr. Wallenstein provides the Court with copies of his CJA voucher and time-sheets from the Petitioner's case which directly contradict the Petitioner's assertions. This voucher, which was approved by the Court prior to the commencement of this action, details how counsel "met with or had telephone conferences with Mr. Reffsin regarding his case 22 times prior to the start of his trial on January 14, 1998, which totaled 22.9 hours in length." Wallenstein Aff. at 3. In addition, counsel claims that he "conferred with [the Petitioner] out of court on 10 separate occasions, totaling 30.1 hours, not counting the time we spent together in court during the three-month-long trial." *Id.* at 3. In any event, the Petitioner fails to show how this alleged failure to sufficiently confer with him actually prejudiced him at trial. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. As to counsel's decision not to call any expert witnesses, counsel explains in his affidavit that this decision was "a matter of trial strategy, and made ... in consultation with, and with the agreement of, Mr. Reffsin." Wallenstein Aff. at 3. Mr. Wallenstein states that a tax expert was present "in court at various times to monitor the evidence and testimony at Mr. Reffsin's trial." *Id.* at 3. However, due to the Petitioner's expertise in tax and bankruptcy matters and the fact that the Petitioner

wished to testify, counsel made a "strategic judgment that it was better for Mr. Reffsin's defense if he testified directly regarding his actions and conclusions, rather than having another expert opine on his conduct ... [and] expose areas where Reffsin and the expert differed." *Id.* at 4.

In the Court's view, Mr. Wallenstein's strategic decision falls "within the range of professionally reasonable judgments" and his choice not to call a tax expert witness was reasonable under the circumstances. *Strickland,* 466 U.S. at 699, 104 S.Ct. 2052. *See also Murden v. Artuz,* 253 F.Supp.2d 376, 389 (E.D.N.Y. 2001) (stating that "in general, whether or not to hire an expert is the type of strategic choice by counsel that may not be second-guessed on habeas corpus review").

Finally, the Court finds that the Petitioner's other claims concerning counsel's alleged inadequate cross-examination of a Government witness and closing arguments are also without merit. The Court personally observed counsel and notes that his performance assisted the Petitioner in being acquitted of two of the seven charges.

Therefore, because the Petitioner present no "objective evidence" beyond his own "self-serving, post-conviction testimony," *United States v. Gordon,* 156 F.3d 376, 380–381 (2d Cir.1998), the Court finds that the Petitioner was not deprived of his right to the effective assistance of counsel.

### CONCLUSION

Therefore, for the reasons stated above, Reffsin's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED, as the Petitioner fails to make a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**